WINTHROP DELANO *vs.* TRUSTEES OF SMITH CHARITIES.

Hampshire.   Sept. 18. — Nov. 22, 1884.   C. ALLEN & COLBURN, JJ., absent.

In an action against a corporation for the alleged wrongful dismissal of the plaintiff from the office of clerk of the corporation, the issue was whether the record of a vote of the corporation, which stated the election of the plaintiff as clerk, and which was made by the plaintiff, was approved at a subsequent meeting of the corporation without correction. *Held,* that evidence that the plaintiff was not in fact elected at the former meeting was immaterial. *Held, also,* that if the plaintiff was present, and recorded the vote of approval, acceptance of the office would be presumed.

HOLMES, J.   This is an action of contract to recover for an alleged wrongful dismissal from the office of clerk of the defendant corporation. The defendant denies the plaintiff's appointment, and excepts to the exclusion of oral testimony by the trustees that he was never elected or employed in fact. The plaintiff introduced a record of a meeting of the trustees on May 9, 1883, signed by himself as clerk, to the effect that "Luther Bodman of Northampton was chosen president, and Winthrop Delano clerk," with a pencil line drawn through the last four words. A great part of the argument before us was addressed to the question whether, under the circumstances of the case, the record was conclusive of the plaintiff's election, or whether the fact could be shown. We think that there is another consideration which disposes of the case on somewhat different grounds.

It was not disputed that the record of May 9 was read and approved on June 6, at the next meeting of the trustees. The difference between the plaintiff and the defendant was whether the record was corrected before approval by striking out the words "and Winthrop Delano clerk," upon which point the parties present on June 6 directly contradicted one another. If the record was approved without correction, as the jury have found, it was totally immaterial whether Delano was in fact elected or not. For the vote approving the record that he had been elected would of itself have constituted a contract with him when he assented to it. A vote to the effect that he was employed, which was passed in his presence, and which he was expected to record, would stand on a different footing from a vote to employ a stranger. Any further communication of it would be a superfluous solemnity. It was communicated by being passed.

As we have said, the testimony on this point was directly contradictory. The trustees swore that, when the words "and Winthrop Delano clerk," in the record of May 9, were read, one of them said, "That is a mistake; that ought to be corrected; there was no clerk chosen;" and that the president said, "The record will stand as corrected." The president testified that the plaintiff made the pencil correction at that meeting. The jury was instructed to find for the defendant, if the record was corrected as testified. This was an issue on a fact directly discernible by the senses, and parties who had testified to what they did discern by that means were not entitled, as a matter of right, to fortify their testimony by swearing to other facts merely for the purpose of making it more probable that what they said upon the principal point was true. This was not a case where evidence had been introduced tending to show improbability, which the defendant desired to meet. No evidence was offered that the plaintiff was elected in fact, except the record of May 9. The conclusiveness of that record was made by the court to depend upon the fact in issue, that is, whether it was approved. The record of May 9 unapproved was not treated or relied on as raising any presumption of fact that what it recited was true; for the plaintiff admitted that he was not in the room on May 9, that no one reported to him

that he was elected, but that he simply made up the record as it had been made up in previous years. He only relied on the defendant being concluded; he did not set up an election in fact.

We may add, that, on the plaintiff's admission, coupled with what the trustees were allowed to testify, the defendant seems practically to have had the benefit of the fact excluded, so far as it bore on the probabilities as to what happened on June 6.

*Exceptions overruled.*

*D. W. Bond*, for the defendant.
*W. G. Bassett*, ·for the plaintiff.