## CALEB K. SAWYER *vs.* WILLIAM ORR.

Worcester.    Sept. 29. — Oct. 24, 1885.    FIELD, C. ALLEN, & GARDNER,
JJ., absent.

In an action upon a promissory note for $3000, the defendant set up want or fail-
ure of consideration for the note; and testified that the note and $500 were
given upon the plaintiff's promise to deliver to him forty shares of the stock of
the N. Company.  The plaintiff, in his opening to the jury, stated a different
consideration.  The defendant, to fortify his testimony, offered in evidence an
agreement signed by the plaintiff, which began as follows: "In consideration of
$3500 paid me by " the defendant " for forty shares of the N. Company's stock,
part of which is held in note secured by said stock."  This agreement was ex-
cluded.  The plaintiff's signature was admitted; and the defendant testified
that the agreement referred to the note in suit.  *Held,* that the agreement
should have been admitted.

CONTRACT upon a promissory note for $3000.  At the trial
in the Superior Court, before *Bacon,* J., the jury returned a ver-
dict for the plaintiff; and the defendant alleged exceptions to
the exclusion of certain evidence, the nature of which appears
in the opinion.

*J. W. Corcoran & H. Parker,* for the defendant.

*C. G. Stevens,* for the plaintiff.

HOLMES, J.  The defendant set up want or failure of consider-
ation for the note in suit.  As the first step towards establishing
the defence, it was necessary to show what the stipulated consid-
eration was.  The defendant testified that the note and $500 were
given upon the plaintiff's promise to deliver to him forty shares
of the stock of the New Jersey Wire Cloth Company.  This the
plaintiff now admits, but no such admission was made at the trial,
and the opening to the jury on his behalf stated a different con-
sideration, so that the defendant's version stood denied.  The
defendant, to fortify his statement, offered in evidence an agree-
ment signed by the plaintiff, which began as follows: " In consid-
eration of three thousand five hundred dollars paid me by Wm.
Orr, Jr. for forty shares of the N. J. Wire Cloth Co.'s stock,
part of which is held in note secured by said stock."  This agree-
ment was excluded.  The plaintiff's signature was admitted, and
therefore, if the document referred to the note in suit, it corrob-
orated the defendant's statement most effectually.  It is true

that the only testimony that the document did refer to this note came from the defendant, who had already testified directly to what the consideration was. We do not forget that it was said in *Delano* v. *Smith Charities*, 138 Mass. 63, that parties who have testified to a fact in issue directly discernible by the senses are not entitled, as a matter of right, to fortify their testimony by swearing to other facts merely for the purpose of making it more probable that what they said upon the principal point was true, when no evidence has been introduced to show improbability. But this rule cannot be pressed so far as to exclude a document which on its face suggests the probability that it refers to the note in suit, and which, if it does so, affords independent evidence of the principal fact alleged, merely because, for greater security, the defendant adds his testimony that it does refer to the note in truth, as it seems to.          *Exceptions sustained.*