JOHN BUFFUM, assignee, *vs.* LEANDER E. H. JONES.

Suffolk. Jan. 17. — Feb. 24, 1887. HOLMES & GARDNER, JJ., absent.

If an insolvent debtor mortgages to a person most of the property used in his business, not to secure a preëxisting debt, but in consideration of a sum of money then advanced to him, being nearly the value of the property, and the mortgagee acts in good faith, not knowing of the mortgagor's insolvency, or that the mortgaged property comprises about all of his property, and the mortgagor does not realize his condition, but makes the mortgage to meet immediate wants, expecting to go on with business and to receive collections so as to pay off the mortgage debt within a month, in an action by the assignee of the insolvent debtor to recover the value of the mortgaged property, it cannot be ruled, as matter of law, that the transaction was a fraud; but it is a question for the jury whether it was "in the usual and ordinary course of business of the debtor," within the Pub. Sts. c. 157, § 98.

At the trial of an action by the assignee of an insolvent debtor, to recover the value of property mortgaged by the debtor to the defendant, the plaintiff is not entitled to offer the testimony of witnesses "that the giving of a mortgage, such as the mortgage in question, would not be in the usual and ordinary course of such business."

MORTON, C. J. This is a suit by the assignee of the estate of insolvent debtors, members of a firm, to recover the value of property mortgaged to the defendant by the debtors, upon the

ground that the transfer to the defendant was in fraud of the insolvent law. The plaintiff requested the court to give several instructions, and excepted to the refusal to give the second, third, fourth, and fifth instructions requested. The court gave in substance, though in different language, the second and fifth instructions requested. The instructions upon the subjects embraced in them were appropriate and sufficient. The third and fourth requests were rightly refused, because they involve the ruling, as matter of law, that the mortgage to the defendant was not in the usual and ordinary course of the debtor's business. This was properly left to the jury. One of the important issues was whether the defendant had reasonable cause to believe that the transfer to him was made by the debtors with a view to prevent the property from coming to their assignee, or to evade any of the provisions of the insolvent law. The statute provides that, if such transfer " is not made in the usual and ordinary course of business of the debtor, that fact shall be *prima facie* evidence of such cause of belief." Pub. Sts. *c.* 157, § 98.

Whether any given transaction is or is not in the usual and ordinary course of business is, in its nature, a question of fact, and not of law. There may be extreme cases, where it is apparent to the common experience of all men that a sale is not in the usual and ordinary course of business, in which the court would so hold as matter of law. For instance, if a retail trader should sell and transfer all his stock in trade, including the good will, to a preëxisting creditor in payment of his debt, it might be held, as matter of law, that it was not in the usual and ordinary course of business of the debtor. But generally it must be a question of fact. And where a sale or transfer by a debtor is such as is likely to occur in his business, such as may fairly occur without necessarily exciting suspicions as to his solvency, it must be left to the jury to say whether it is or is not made in the usual and ordinary course of his business.

In the case before us, the insolvent debtors were manufacturers of mouldings, and mortgaged to the defendant most of the property used in their business, not to secure a preëxisting debt, but in consideration of $4000 then advanced to them, being nearly the value of the property. There was evidence tending

to show that the defendant acted in good faith, not knowing of the mortgagors' insolvency, or that the property comprised nearly all their stock and property ; that the mortgagors did not realize their condition, but made the mortgage to meet immediate wants, expecting to go on with their business and to receive collections so as to be able to pay off the mortgage debt within a month.

It cannot be said, as matter of law, that this transaction was a fraud; and the court rightly left it to the jury to determine whether it was in the usual and ordinary course of business of the debtors, under the statute. The case of *Alden* v. *Marsh*, 97 Mass. 160, is singularly like the case at bar in its main facts, and is decisive of it.

The only remaining question is whether the court erred in rejecting the testimony of witnesses offered by the plaintiff, " that the giving of a mortgage, such as the mortgage in question, would not be in the usual and ordinary course of such business." This was not asking the witnesses as to any general custom, but was asking their opinions on a matter which was for the jury to decide. They were to decide, not whether it was customary for others in a similar business to give mortgages, but whether, under all the circumstances of this case, the giving of a mortgage by the debtors was a cause to excite in the mind of the .defendant suspicions of fraud, so as to put him upon inquiry. Upon this the opinion of witnesses is not competent. *Otis* v. *Hadley*, 112 Mass. 100. *Exceptions overruled.*

*J. F. Wiggin*, for the plaintiff.
*H. E. Swasey & G. R. Swasey*, for the defendant.