CHARLES N. PEABODY *vs.* ALBERT T. KNAPP.

Essex.    November 20, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Insolvent Debtor — Fraudulent Preference — Evidence.*

The test of a trader's insolvency is inability to pay his debts in the ordinary course, not inability to raise the money for them in the ordinary course.

On the issue whether a mortgage of a stock in trade was a fraudulent preference within the Pub. Sts. c. 157, § 96, an instruction to the jury that, if the mortgagors " were not in a condition to meet their debts as they became due from time to time in the ordinary course of business, by the resort to such means and methods as are usually employed by business men in their business, then they were insolvent," and that, if the mortgagee had reasonable cause to believe that they were not in a condition to do so, he had reasonable cause to believe them insolvent, is erroneous.

In replevin of a stock in trade mortgaged by a firm before it was adjudged insolvent, if the managing partner testifies at the trial that he believed the firm to be insolvent at the time the mortgage was given, it is discretionary with the presiding judge to refuse to allow him to state, as secondary evidence of his belief, that he had at the time a standing cash offer from a responsible party for the firm's stock and good will.

REPLEVIN, against the assignee in insolvency of John P. Randall and George H. Randall, copartners, who were adjudged insolvent debtors on March 14, 1890, to recover a stock of furniture mortgaged by them to the plaintiff on February 1, 1890. At the trial in the Superior Court, before *Dewey,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which, so far as material to the points decided, appear in the opinion.

*B. B. Jones,* (*M. A. Pingree* with him,) for the plaintiff.
*W. H. Moody & H. I. Bartlett,* for the defendant.

HOLMES, J.    This is a writ of replevin by a mortgagee of the chattels in question against the assignee in insolvency of the mortgagors. The defence is that the mortgage was a preference.

The mortgagors were furniture dealers in Haverhill. Their property having been attached, they applied to the plaintiff for some money to pay off the attachment, and to tide them over their present need, telling him that they should want some more money later to carry them through. They then owed the plaintiff two thousand dollars. They told him, as he testified, that they owed about six thousand dollars to others; that their stock was worth twelve thousand dollars; and that they had had an offer of seven thousand dollars in cash for it. The plaintiff thereupon advanced $672.23, promised to lend $627.77 more when it was called for, and took a mortgage of the stock for $3,300, being these two sums and his old debt.

The main question is whether an instruction to the jury was correct, that, if the mortgagors " were not in a condition to meet their debts as they came due from time to time in the ordinary course of business, by the resort to such means and methods as are usually employed by business men in their business, then they were insolvent"; and that if the plaintiff had reasonable cause to believe that they were not in a condition to do so, he had reasonable cause to believe them insolvent within the requirements of the Pub. Sts. c. 157, § 96.

Assuming that it was a question for the jury, still it was pretty plain that the mortgage of the stock in trade to the plaintiff was not a conveyance made in the usual course of business. *Nary* v. *Merrill*, 8 Allen, 451. *Alden* v. *Marsh*, 97 Mass. 160. *Buffum* v. *Jones*, 144 Mass. 29. *Stevens* v. *Pierce*, 147 Mass. 510. *Walbrun* v. *Babbitt*, 16 Wall. 577. *Read* v. *Moody*, 60 Vt. 668. This fact was *prima facie* evidence that the plaintiff had reasonable cause to believe the mortgagors insolvent. Pub. Sts. c. 157, § 98. *Metcalf* v. *Munson*, 10 Allen, 491. *Nary* v. *Merrill*, 8 Allen, 451. Such a mortgage given solely to secure a pre-existing debt is very strong evidence, at least, of fraud. *Re Waite*, 1 Lowell, 207, 209. If a preference in part, it is voidable altogether. *Denny* v. *Dana*, 2 Cush. 160. *Forbes* v. *Howe*, 102 Mass. 427, 435. It is not very extravagant to say, that when a man takes such a mortgage knowing that the mortgagors cannot go on and are insolvent without the help of the little money that they raise by its means, he knows that they are insolvent, and that he is receiving a preference.

Nevertheless, however little reason we can see for supposing that the plaintiff suffered any wrong by the instruction, we are of opinion that it went too far, and that it is his right to have a new trial upon a possible view of the facts which the jury were precluded from taking. It is true, as was said by the plaintiff's counsel, that the test of a trader's insolvency is inability to pay his debts in the ordinary course, not inability to raise the money for them in the ordinary course. *Thompson* v. *Thompson*, 4 Cush. 127, 134. *Lee* v. *Kilburn*, 3 Gray, 594, 600. The mortgage allowed the mortgagors to go on and sell in the ordinary course of retail trade. And although the plaintiff must be taken to have known that the security which he accepted was *prima facie* a fraud and a preference, and although it is somewhat hard to see what there was sufficient to relieve him of the effect of this knowledge, still it would not necessarily delay other creditors, and a jury might find that the plaintiff reasonably believed, from the value set upon the stock, the prospects of business in the spring, and the general assurances of the mortgagors, that the advances which he made and promised would enable the mortgagors to go on and to meet all their debts as they became payable. Of course it was not enough, if the plaintiff had no reason to believe that his help did more than to put off the evil day, and, while it enabled the mortgagors to pay the debts which were then pressing them, left them to expect equal or enhanced trouble at a later date.

As the exceptions must be sustained on this ground, and as this is the real point of difference between the instructions given and those asked, we do not consider the plaintiff's requests at length. It would have been likely to mislead the jury to tell them that it made no difference whether the mortgagors could raise the money to pay their debts from retail sales, or had to resort to a mortgage of their whole stock, — a conveyance out of the usual course of business.

An exception was taken to the exclusion of evidence that George H. Randall, one of the mortgagors, who had control of the business, had a standing cash offer of seven thousand dollars from a responsible party for the firm's stock in trade and good will. As this evidence was got before the jury indirectly, the question of its admissibility is little more than speculative. No

doubt such an offer, although not legal evidence of value, might have some effect in leading the mortgagors to believe that the stock and good will were worth that amount, although it would seem from Mr. Pearl's testimony that the status of the offer in this case, at the time of the mortgage, was too vague to have any real importance. But, as we understand it, the testimony excluded was that of George H. Randall, who was allowed to testify directly to the material point, namely, that he believed the firm to be solvent. When he had testified to that, it was within the discretion of the presiding judge to refuse to allow him to give secondary reasons why it was likely that he should have thought and felt as he said he did. He could not carry his evidence as to what was his state of mind, a fact of his own immediate experience, higher than direct testimony as to what it was. *Delano* v. *Smith Charities*, 138 Mass. 63. Evidence of an offer for the purpose of proving that the mortgagors had reason to believe that the property was worth a certain amount, would be somewhat remote in any case from the issue whether they were in contemplation of insolvency, or had a view to give a preference. We do not say, however, that it might not be admitted in connection with proof of what they had reason to suppose were their debts.                *Exceptions sustained.*