CALEB SAUNDERS & another, assignees, *vs.* HERBERT F. RUSSELL & others.

Suffolk.     March 21, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Insolvency — Promissory Note — Mortgage — Preference.*

A., who was in an insolvent condition, on being pressed by a creditor, B., got C., who was in B.'s employ, to indorse, on giving C. security, his (A.'s) note to B. for the debt, and gave C. a mortgage of nearly all his property. C. knew that A. was insolvent, and that A.'s. only motive for executing the mortgage, other than that of delaying creditors, which also was avowed by A., was to give further security to B., without receiving any new consideration from him. *Held*, on a bill in equity by the assignees in insolvency of A., brought three months and a half after the date of the mortgage and two· months after A. was petitioned into insolvency, that the mortgage was a preference, and that it made no difference that the attempt was in the manner described instead of the more direct one of a mortgage to B.

BILL IN EQUITY, filed June 18, 1897, by the assignees in insolvency of Edward Courtemanche, to set aside a mortgage of personal property made by him to the defendant Russell, to secure him as accommodation indorser upon a note given by Courtemanche to the other defendants, George Hyde and Amasa E. Southworth, copartners under the name of Hyde and South-worth, in payment of Courtemanche's indebtedness to them, and to restrain Russell from prosecuting an action at law against the plaintiffs for the conversion of all the personal property included in the mortgage.

In the Superior Court a decree was entered declaring the mortgage void and of no effect, and that the defendant Russell be perpetually enjoined from prosecuting the action at law or any action at law against the plaintiffs for the same cause, and

that a cross-bill filed by him praying that the assignees deliver the property to the plaintiff Russell, or, if they had sold the same, to pay the mortgage debt, be dismissed with costs; and that the plaintiffs be allowed their costs on their bill in equity. The defendants appealed to this court. The facts appear in the opinion.

V. J. Loring, for the defendants.

E. B. Hale, for the plaintiffs.

HOLMES, J. This is a bill in equity, brought by the assignees in insolvency of one Courtemanche, to set aside a mortgage as a preference. The case was tried in the Superior Court, and a decree was made for the plaintiffs. It now is here by appeal on the evidence. It presents only questions of fact.

The petition in insolvency was filed on April 16, 1897. The date of the mortgage is March 1, 1897. At that time the mortgagor plainly was insolvent, and knew it. Hyde and Southworth, among other creditors, were pressing him, having stopped giving him credit about January 16. They do not admit knowledge of Courtemanche's condition, but their actions and indeed the admissions that come out in their testimony show very plainly that they knew it. They cannot have failed to know it. They were a large and intelligent business house, and Courtemanche's financial reputation was bad. *Lee* v. *Kilburn*, 3 Gray, 594. They wanted security, and did not want to take a mortgage, because they did not think it prudent to do so. They suggested that Courtemanche should find an indorser. This he could not do, until in some way it occurred to him that he might get Hyde and Southworth's right hand man, who had charge of collecting their bills, one Russell, to indorse for him, on giving him security for his indorsement. This plan was put into execution. Courtemanche gave Russell a mortgage of all his property, with exceptions not worth mentioning, and Russell indorsed a six months' note to Hyde and Southworth for Courtemanche's debt. Courtemanche received no other consideration, and his conveyance properly would be found not to have been made in the usual course of business. *Peabody* v. *Knapp*, 153 Mass. 242.

According to the testimony, the mortgage was executed before Hyde and Southworth were told about it, Russell was paid

as well as secured for his indorsement, and the liability assumed by him to the partners was a real liability, and the only object of the transaction so far as they were concerned. But it does not need argument to show that if this mortgage had been given to Hyde and Southworth directly, it would have been a flagrant preference, and it needs very little to show that the above arrangement might be found, and, as we think, ought to be found, to be a mere device to reach the same end by more roundabout means. The examination of the defendants shows that their testimony cannot be accepted without reservation where their interest is concerned. We are compelled to reject their protestations of ignorance and innocence as not to be believed. When Russell testifies that he knew that the arrangement would be acceptable, we infer either that the firm had made use of this device before, or had authorized it in this particular case. It is hard to believe that Russell should have come in to the scheme, and should have accepted a *bona fide* liability in exchange for a mortgage of property which he had not examined at the time, and which probably was not enough to secure him. On the other hand, the nature of Russell's relation to his employers, their demand for security, and their cautious unwillingness to accept a mortgage directly to themselves, make it most likely that what was done had the same end in view. But the whole matter may be put more shortly. Russell, the mortgagee, knew that Courtemanche was insolvent. He knew that the only motive Courtemanche had for executing the mortgage, other than that of delaying creditors, which also is avowed by Courtemanche, was to give further security to Hyde and Southworth without receiving any new consideration from them. He knew, in other words, that the intent was to prefer them. It can make no possible difference that the attempt was made in the manner described instead of the more direct one of a mortgage to the firm. Pub. Sts. c. 157, § 96. *Whipple* v. *Bond,* 164 Mass. 182.

*Decree for the plaintiffs.*