EDWARD P. SANDERSON & others, trustees, *vs.* DANIEL F. CARROLL & another.

Middlesex.    January 18, 1921. — March 7, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Evidence,* Relevancy and materiality.

At the trial of an action for the purchase price of certain sheet metal, there was evidence tending to show that the defendant, a principal building contractor, had contracted with a subcontractor for the installation of the sheet metal required in certain building operations, that the subcontractor had sought to purchase the metal of the plaintiff, that the plaintiff had refused to sell it upon the subcontractor's credit, and that, after negotiations with the defendant, the plaintiff and the defendant had agreed that the goods should be billed and shipped to the defendant, which was done. The defendant denied his liability and offered evidence of the total amount which he had paid to the subcontractor for work performed and materials furnished on the building in question, that the portion of the full amount which would be due to the subcontractor from the defendant was paid by the defendant, and the amount of work required under the contract between the defendant and the subcontractor which was completed by the subcontractor. The evidence was excluded. *Held,* that the evidence was immaterial and irrelevant and that its exclusion was not error.

CONTRACT by "Edward P. Sanderson, Robert M. Vaughan and Robert H. Sanderson, trustees doing business as E. P. Sanderson Co." upon an account annexed for $1,546.06, a balance alleged to be due upon the purchase price of one hundred and thirty bundles of galvanized iron sheets, and interest. Writ dated March 2, 1918.

In the Superior Court the action was heard by *Sanderson, J.,* without a jury. Material evidence and exceptions saved by the defendants are described in the opinion. The judge found for the plaintiffs in the sum of $1,757.86; and the defendants alleged exceptions.

*J. C. Reilly,* for the defendants.

*C. C. Barton,* for the plaintiffs.

CROSBY, J. The defendants, who were engaged in the plumbing business, entered into a contract with the city of Lowell for alterations in the Bartlett school house in that city. The contract provided, among other things, for the installation of certain sheet metal, and the defendants made a subcontract with the Bay State Sheet Metal Works covering that portion of the work. There was evidence that the subcontractor placed an order with the plaintiff for a hundred and thirty bundles of sheet metal; that the plaintiff, owing to lack of financial responsibility of the subcontractor, refused to accept the order; that thereafter the plaintiff's salesman saw one of the defendants with reference to guaranteeing the account, who asked him what form of guaranty the plaintiff wished and to bring it to him, and that thereafter a paper was submitted by the plaintiff which the defendants declined to sign; that later the defendants gave to the plaintiff's salesman a written instrument containing a guaranty of only one half of the amount of the materials to be furnished; that the salesman told one of the defendants that "the plaintiff could not do business on that basis but the only way they could do business was for the full amount of the bill because of the lack of financial responsibility of the Bay State Sheet Metal Works;" that at a later conversation with the same defendant the salesman said: "Why not bill the goods to you?" and that this defendant replied: "Yes, that would be all right;" that this defendant told the plaintiff's salesman to ship the material to Carroll Brothers, in three separate shipments; that this order was

complied with, the goods were charged to the defendants, and bills therefor were sent to the defendants at various times. There was further evidence to show that the defendants promised to pay for the goods, and made one payment by their check to the subcontractor, which indorsed it and turned it over to the plaintiff. The defendants denied that they ever became liable to the plaintiff. The case was tried by a judge of the Superior Court who found for the plaintiff for the full amount of its claim. The case is before us on exceptions to the exclusion of certain evidence offered by the defendants.

As the evidence so excluded was of the same general character and was offered for the same purpose, it may be summarized as follows: (a) the total amount which the defendants paid to the Bay State Sheet Metal Works for work performed and material furnished on the building; (b) that the portion of the full amount which would be due to the metal works by the defendants was paid by them to the metal works; (c) the portion of the work required under the contract between the defendants and the metal works which was completed by the latter; and (d) six checks drawn by them payable to the order of the metal works. The foregoing evidence was offered, as stated to the judge by the defendants' counsel, "to substantiate the defendants' theory of the case, that their contract was with the Bay State Sheet Metal Works and not with the E. P. Sanderson Company and that in accordance with their contract they paid the Bay State Sheet Metal Works." The sole issue between the parties at the trial was whether the defendants were liable to pay for the material furnished by the plaintiff.

If the defendants paid the metal works it would not be evidence that they did not order the material from the plaintiff; nor would the other evidence offered and excluded be material upon the question whether they had agreed to pay for the materials furnished by the plaintiff. The testimony excluded all related to questions which arose between the defendants and the metal works, after the alleged agreement between the plaintiff and the defendants was made. The defendants' contention that the evidence was admissible as tending to show that they had paid the metal works and therefore it was improbable that they had made a contract with the plaintiff for furnishing the material,

is untenable, and is not supported by the decisions in *Bullard* v. *Wait*, 16 Gray, 55, and *Sawyer* v. *Orr*, 140 Mass. 234, cited by the defendants. In the first of those cases, the evidence offered was admissible to show that a horse had been delivered as against a subsequent attaching creditor. In *Sawyer* v. *Orr* the evidence was admissible as tending to show an admission that the note in suit was without consideration. Those cases are clearly distinguishable in their facts from the one at bar. The defendants were not entitled as matter of right to fortify their testimony by showing facts respecting their dealings with the metal works, merely for the purpose of making it more probable that their testimony to the effect that they did not contract with the plaintiff to pay for the sheet metal was true. *Delano* v. *Smith Charities*, 138 Mass. 63. *Marshall* v. *Boston & Albany Railroad*, 145 Mass. 164, 169. If we assume that the evidence could have been admitted in the discretion of the judge, *McCooe* v. *Dighton, Somerset, & Swansea Street Railway*, 173 Mass. 117, its exclusion was not error. *Fisher* v. *Plimpton*, 97 Mass. 441. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 23. *Tobin* v. *Brimfield*, 182 Mass. 117, 120. The defendants have failed to show that they have been prejudiced by the exclusion of the evidence, consequently no error of law appears. *Freedman* v. *Lipman*, 223 Mass. 471.

*Exceptions overruled.*