COMMONWEALTH *vs.* JOHN BEDROSIAN.

Middlesex.   January 7, 1924. — February 25, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Homicide. Evidence,* Corroborative, Presumptions and burden of proof, Of intent. *Practice, Criminal,* Conduct of trial: discretionary ruling as to evidence. *Words,* " Malice."

Where, at the trial of an indictment for murder, a newspaper reporter, called by the defendant, testified to a conversation with a police officer, who had testified for the Commonwealth, in which the officer made a statement to him inconsistent with testimony given by the officer at the trial, it was proper for the trial judge in his discretion to refuse to permit the reporter further to be asked in redirect examination, " Does your report, the nature of your report, of the case in . . . [the newspaper employing you] have any effect on your being sure, or otherwise, as to whether this conversation actually occurred or not? " and, " Did you write an account of this conversation — rather did you write an account of the statement which you have testified to that " the police officer " made, in . . . [that newspaper] on the day that you were, — you made this investigation? "

At the trial of an indictment for murder, it is proper for the trial judge to instruct the jury that " to kill another intentionally is such a wrongful act that its very wrongfulness and unlawfulness carry with it malice . . . where a killing is proved to have been an intentional killing, obviously it is malicious, for it is wrongful and unlawful. But that presumption does not hold, whether it be a presumption of fact or of law, where the circumstances of the killing appear in evidence. . . . Where they so appear, the burden is upon the government to establish malice." *Held,* that there was no error in such instructions.

INDICTMENT, found and returned on September 11, 1922, charging the defendant with the murder of Hagop Sarkisian.

In the Superior Court, the indictment was tried before *N. P. Brown,* J. Material evidence and exceptions saved by the defendant are described in the opinion. In the course of his charge, the trial judge instructed the jury as follows:

" Now, to kill another intentionally is such a wrongful act that its very wrongfulness and unlawfulness carry with it malice; for, as I said to you, malice might as well be a wrong or unlawful motive as a killing from revenge, and it is wrongful for one person to take the life of another. You may be the witness of a killing where one is shot down by

another with a revolver, and unable for the life of you to understand the motive in that man's mind in attempting to kill the other, for he may have been his best friend, but the killing, if proved, in and of itself, to be intentional, carries with it malice. Malice being present, a killing is murder. Now, some of our decisions have stated that if you have got evidence of a killing, and nothing more, merely the fact established that one person killed another, the malice necessary to make it murder is presumed, and it is presumed for the reasons I have already stated to you, that where a killing is proved to have been an intentional killing, obviously it is malicious, for it is wrongful and unlawful. But that presumption does not hold, whether it be a presumption of fact or of law, where the circumstances of the killing appear in the evidence. Where they so appear, the burden is upon the government to establish malice."

The defendant excepted to the charge " in so far as it stated that the intentional unlawful killing of one human being by another carries with it malice, and in so far as it stated that if the killing was proved to be intentional that, in and of itself, imported malice."

The defendant was found guilty of murder in the second degree and alleged exceptions.

*E. J. Tierney,* (*M. G. Rogers* with him,) for the defendant.

*A. K. Reading,* District Attorney, & *R. T. Bushnell,* Assistant District Attorney, for the Commonwealth, submitted a brief.

CROSBY, J. This is an indictment charging the defendant with murder. He was convicted of murder in the second degree. The case is before us on his exceptions to the exclusion of two questions put by his counsel to a witness called by him, and to the charge " in so far as it stated that the intentional unlawful killing of one human being by another carries with it malice, and in so far as it stated that if the killing was proved to be intentional that, in and of itself, imported malice."

There was evidence that the defendant had stated that, while he was in the company of the deceased in the woods, they had been set upon by four young men accompanied by

two young girls, and that he and the deceased had been attacked; that he had made his escape, and had called certain persons to the scene, informing them that his companion was in the woods and was being killed by the four young men and the two girls. The body of the deceased, for whose murder the defendant was indicted and tried, was found in the woods. One Lynch, a police officer, called as a witness for the Commonwealth, testified on cross-examination that he had not stated to any person that he had been informed that an automobile containing certain young persons had been seen near the place of the crime on the day it was alleged to have been committed by the defendant. One Woodies, a newspaper reporter, was called as a witness by the defendant for the purpose of contradicting the testimony of Lynch and to affect his credibility, and testified in substance that Lynch had told him that he (Lynch) had been informed that some one had seen an automobile near the scene of the crime on the date it was committed. On his redirect examination Woodies was asked the following questions, which, upon objection by the district attorney, were excluded:

" Does your report, the nature of your report, of the case in the Lowell Sun have any effect on your being sure, or otherwise, as to whether this conversation actually occurred or not? "

" Did you write an account of this conversation which — rather did you write an account of the statement which you have testified to that officer Lynch made, in the Lowell Sun on the day that you were, — you made this investigation? "

The exceptions to the exclusion of the questions must be overruled. " The witness could not carry his testimony higher than to state what, as he said, he remembered specifically concerning the particular occasion. That was final, if believed. It was a matter of discretion whether and how far the court should allow the witness to give further testimony also depending, of course, upon his truthfulness in order to render credible a statement which, if he was truthful, was enough in itself." *McCooe* v. *Dighton, Somerset, &*

*Swansea Street Railway,* 173 Mass. 117, 118. ˙ *Sanderson* v.
*Carroll,* 238 Mass. 142, 145. The defendant was not en-
titled as matter of right to fortify the testimony of the
witness Woodies by showing that the witness had written
an account of the crime for the newspaper after having made
an investigation of the case, and to make it more probable
that his version of the conversation with the officer was true.
" When a witness has testified directly to a fact from the
experience of his own senses, the extent to which he shall
be allowed to testify to circumstances corroborative of the
truth of what he thus has sworn must rest in the discretion
of the judge who tries the case." *Commonwealth* ˙v. *Bishop,*
165 Mass. 148, 152..

.The portions of the charge excepted to were correct state-
ments of the law. Murder in the first degree is murder
committed with. deliberately premeditated malice afore-
thought. Murder in the second degree is unlawful killing
with malice aforethought. It has repeatedly been held by
this court that malice in this connection means every un-
lawful motive that may be inferred from unlawful killing,
and when there are no circumstances disclosed tending to
show justification or excuse, there is nothing to rebut the˙
natural presumption of malice. . " Malice " as here used does
not necessarily imply ill will toward the person killed, but
has a more comprehensive meaning, including any intent to
inflict injury upon another without legal excuse or pallia-
tion. The jury were correctly instructed in substance that,
if the defendant intentionally and unlawfully killed the
deceased, malice was presumed, unless by the circumstances
of the homicide it was disproved. In other words, if there
was an intention to inflict injury upon the deceased which
was not justified on any lawful ground or palliated by the
existence of any mitigating circumstances, that intention
was malicious within the meaning of the law. *Common-
wealth* v. *York,* 9 Met. 93. *Commonwealth* v. *Webster,* 5
Cush. 295, 304. *Commonwealth* v. *Hawkins,* 3 Gray, 463,
465. *Commonwealth* v. *Pemberton,* 118 Mass. 36, 39, 43.
*Commonwealth* v. *Chance,* 174 Mass. 245.

*Exceptions overruled.*