COMMONWEALTH *vs.* JAMES A. TALBERT.

Suffolk. February 2, 1970. — April 2, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Jury and Jurors. Constitutional Law,* Due process of law. *Homicide. Malice.*

There was no merit in a contention by the defendant in a criminal case that he was denied due process of law by peremptory challenges of two Negro veniremen by the prosecutor. [147]

Evidence in a murder case of the circumstances in which, after an affray between the defendant and the victim at a party in an apartment had been terminated by others present, the defendant left the apartment, took a gun and ammunition from his car outside, and, upon returning to the apartment house and encountering the victim, shot him several times and killed him warranted findings that the shooting was done with malice and that the defendant was guilty of murder in the second degree. [148]

INDICTMENT found and returned in the Superior Court on January 16, 1969.

The case was tried before *McLaughlin,* J.

*Robert A. Stanziani* for the defendant.

*Alan Chapman,* Assistant District Attorney, for the Commonwealth.

KIRK, J. The defendant was tried on an indictment charging the murder of Richard Long. The jury returned a verdict of guilty of murder in the second degree. The trial was subject to G. L. c. 278, §§ 33A–33G. The case is before us on the defendant's appeal and assignments of error.

There was evidence that the defendant and his wife attended a party in an apartment in Boston in the early morning of November 24, 1968. Long was present at the party, at which liquor was served. Long's use of foul language in the presence of the defendant's wife led to an altercation between Long and the defendant. Long knocked the defendant to the floor, pulled out a knife and "started stabbing at" the defendant. The two were separated by others and Long's knife was taken away. The defendant

left the apartment, went outside to his car, and took out a gun and a clip of ammunition. He started back toward the apartment house, loading the gun as he went. He ran up the stairs, opened the front door, and almost immediately fired two shots at Long who was in the vestibule of the apartment house on his way out. Long fell to the floor. The defendant stood over him and fired three or four more bullets into his body, causing his death.

1. The defendant's first assignment of error asserts that the challenges by the prosecuting attorney of two Negro veniremen denied the defendant due process of law. During the empanelment of the jury it appears that two Negroes were examined on voir dire and excused for cause. Two others were peremptorily challenged by the prosecuting attorney. Of the sixty-nine veniremen, only fifty-five had been examined before agreement was reached on twelve jurors and four alternates, all of whom were white. Whether any of the remaining fourteen veniremen were Negroes does not appear in the record, and was not known to the judge or either attorney when on the next day defence counsel presented a motion to dismiss the jury panel.

The defendant does not challenge the selection of the jury but confines his argument to the exercise of the two peremptory challenges by the prosecuting attorney. In arguing his motion at the trial, defence counsel asserted that if any of those veniremen who were not called for examination were Negroes they would have been challenged by the prosecutor. We decline to assume the truth of an assertion which is wholly unsupported by the record. "The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes." *Swain* v. *Alabama,* 380 U. S. 202, 222. There was no error in denying the motion to dismiss the panel.

2. The defendant's assignment of error No. 3 relates to the denial of his motion for a directed verdict of not guilty of murder in the second degree. There was no error in denying the motion if there was evidence which warranted a verdict of guilty of murder in the second degree. "'Murder in the second degree is unlawful killing with malice aforethought,' but without the deliberate premeditation which characterizes murder in the first degree." *Commonwealth* v. *Hicks*, 356 Mass. 442, 444. *Commonwealth* v. *Bedrosian*, 247 Mass. 573, 576. "Malice includes 'every . . . unlawful and unjustifiable motive' and is 'implied from any deliberate or cruel act against another, however sudden.'" *Commonwealth* v. *Leate*, 352 Mass. 452, 456, and cases cited.

There was ample evidence to warrant the finding of malice. Witnesses testified that after the affray in the apartment had been halted, the defendant went to his car, got a gun and loaded it. On reëntering the apartment house and seeing Long, he immediately fired two shots at him, and continued firing after Long had fallen. Then he said, "Don't do this to me no more. I'll kill you." "When the killing is caused by the intentional use of a deadly weapon, there arises the presumption of malice aforethought, as that term has long been understood and applied in this Commonwealth." *Commonwealth* v. *Kendrick*, 351 Mass. 203, 209–210. *Commonwealth* v. *York*, 9 Met. 93, 104. *Commonwealth* v. *Webster*, 5 Cush. 295, 305. *Commonwealth* v. *Young*, 326 Mass. 597, 600–601. Any evidence which tended to rebut the presumption of malice was impliedly rejected by the verdict of the jury. See *Commonwealth* v. *Hicks*, 356 Mass. 442, 445.

3. We are not disposed to modify the verdict under the principles stated and applied in *Commonwealth* v. *Baker*, 346 Mass. 107, 109.

4. Other assignments of error have been considered pursuant to our duty under G. L. c. 278, § 33E. We find no error.

*Judgment affirmed.*