COMMONWEALTH vs. WILLIE ROBERT SMITH. February 5, 1973. The defendant was indicted for murder in the first degree of one Bress and one Dowling, and for assault and battery with a dangerous weapon upon three other persons. He was found guilty of murder in the second degree of the two persons named, and of the crimes charged as to the other three. The defendant, after a severe, unprovoked beating at the hands of Bress and another, which started in a restau-

rant and continued into the street, ran a short distance to his house. He unlocked the front door, went upstairs and unlocked the door of his apartment, looked at his bruised face in the mirror in the bathroom, removed his shotgun from its zippered case in the bedroom, took a handful of shells from his hunting jacket there, and loaded the magazine of the shotgun. He said he was going back; he hadn't done anything to them. Carrying the loaded gun, the defendant ran down the stairs and through the back door of the house and by way of backyards to the back door of the restaurant. Pushing through the half-opened door, he saw Bress and overheard him saying to another person that if he, Bress, saw the defendant again, he would kill him. The defendant said, "Here's your chance" or similar words, and, with a pumping action, firing and refiring the gun, emptied the magazine, leaving on the floor five empty shells. The pellets killed Bress and Dowling and wounded the other three, all in the immediate vicinity in the restaurant. Of these only Bress had taken part in the beating. The defendant lost the gun in a scuffle in the restaurant and ran away and hid, turning himself in to the police after he learned the results of his shooting. On these appeals under G. L. c. 278, §§ 33A–33G, the defendant claims error in the judge's refusal to charge the jury on involuntary manslaughter with regard to the killing of Dowling; the judge charged as to murder and voluntary manslaughter regarding both Bress and Dowling. The judge would be required to charge on involuntary manslaughter if the evidence provided a basis for it, see *Commonwealth* v. *Kinney*, 361 Mass. 709, 712, but upon a reading of the transcript we agree with the trial judge that there was no such basis. See *Commonwealth* v. *Hicks*, 356 Mass. 442, 445. We are asked in all events to exercise our powers under § 33E and direct the entry of a verdict of manslaughter with respect to Bress and Dowling, but we do not find this to be an appropriate case. The defendant was hurt and angered by the assault but there was a space of time thereafter for reflection. Compare *Commonwealth* v. *Rollins*, 354 Mass. 630, 635, *Commonwealth* v. *Boyer*, 355 Mass. 762, 764–765, *Commonwealth* v. *Hicks*, 356 Mass. 442, 446, and *Commonwealth* v. *Talbert*, 357 Mass. 146, 148, with *Commonwealth* v. *Baker*, 346 Mass. 107, 119, *Commonwealth* v. *Ransom*, 358 Mass. 580, 583–584, and *Commonwealth* v. *Kinney*, *supra*, at 713.

*Judgments affirmed.*

*Edward L. Donnellan* for the defendant.

*John T. McDonough*, Assistant District Attorney, for the Commonwealth.