## COMMONWEALTH *VS.* WAYNE R. FLEURY.

No. 04-P-1201.

Essex. May 5, 2005. - August 17, 2005.

Present: KANTROWITZ, SMITH, & DOERFER, JJ.

*Homicide. Constitutional Law,* Plea. *Practice, Criminal,* Plea. *Statute,* Construction.

A criminal defendant failed to demonstrate that his plea of guilty to murder in the second degree was unconstitutional, where such a crime exists under Massachusetts law and tracks the common-law definition of murder. [282-284]

INDICTMENT found and returned in the Superior Court Department on February 16, 1983.

A motion for a new trial, filed on April 29, 2004, was considered by *Richard E. Welch, III,* J.

*James B. Krasnoo* for the defendant.

*James A. Janda,* Assistant District Attorney, for the Commonwealth.

SMITH, J. On February 16, 1983, the defendant was indicted for murder in the first degree. On June 6, 1983, the defendant was allowed to plead guilty to murder in the second degree. On April 29, 2004, the defendant filed a motion for a new trial seeking to withdraw his guilty plea. The sole ground of the motion was that although G. L. c. 265, § 1, defines murder in the second degree, it does not set forth an existing crime. Therefore, according to the defendant, a plea of guilty to a nonexistent crime is unconstitutional. The motion judge denied the motion without a hearing, and the defendant appeals from that denial.

At common law, murder was defined as "the killing of any person . . . with *malice aforethought,* either express or implied by law" (emphasis in original). *Commonwealth* v. *Webster,* 5

Cush. 295, 304 (1850). The penalty for murder was death. See *id.* at 303. If malice was not present, the crime was manslaughter. See *id.* at 304.

Early Massachusetts court decisions followed the common law. "[T]he common law definition of murder was the one in force in this Commonwealth. . . . There was only one degree [of murder], and it was punishable with death." *Commonwealth* v. *Tucker*, 189 Mass. 457, 489 (1905). See *Commonwealth* v. *Thompson*, 6 Mass. 134, 138 (1809) ("[t]o constitute the crime of murder . . . the killing must have been with malice, either express or implied").

In 1858, the Legislature enacted St. 1858, c. 154, which divided the crime of murder into two degrees. See St. 1858, c. 154, §§ 1, 2. Under St. 1858, c. 154, "murder committed with deliberately premeditated malice aforethought, or in the commission of an attempt to commit any crime punishable with imprisonment for life, or committed 'with extreme atrocity or cruelty,' was declared to be murder in the first degree and punishable with death." *Commonwealth* v. *Tucker*, *supra* at 490, quoting from St. 1858, c. 154. "Murder not appearing to be in the first degree was declared to be murder in the second degree, and punishable with imprisonment for life."[1] *Commonwealth* v. *Tucker*, *supra*. See St. 1854, c. 154, §§ 2, 5. "The degree of murder is to be found by the jury." St. 1858, c. 154, § 3. The 1858 statute evolved, with minor variations, into the present G. L. c. 265, § 1, the statute under attack in this matter.

It is clear that St. 1858, c. 154, "did not change the common law definition of murder as recognized by our courts, but simply manifested the intention of the Legislature to consider murder as a crime 'the punishment of which may be more or less severe according to certain aggravating circumstances, which may appear on the trial.' " *Commonwealth* v. *Tucker*, *supra* at 490, quoting from *Commonwealth* v. *Gardner*, 11 Gray 438, 444 (1858). See *Commonwealth* v. *Chase*, 350 Mass. 738, 744, cert. denied, 385 U.S. 906 (1966).

---

[1] Justice Quirico, in his concurring opinion in *Commonwealth* v. *Dickerson*, 372 Mass. 783, 803 (1977), points out that the legislative history preceding St. 1858, c. 154, "suggest[s] that murder was divided into degrees largely to mitigate the harshness of the common law rule imposing a mandatory death penalty on all murderers."

The defendant argues that murder in the second degree is not a crime distinguishable from murder in the first degree and addresses only mitigation of punishment. The defendant ignores that the crime of murder in the second degree retains the portion of the common law that was not incorporated into the statutory definition of murder in the first degree. " 'Murder in the second degree is unlawful killing with malice aforethought,' but without the deliberate premeditation which characterizes murder in the first degree." *Commonwealth* v. *Hicks*, 356 Mass. 442, 444 (1969), quoting from *Commonwealth* v. *Bedrosian*, 247 Mass. 573, 576 (1924). *Commonwealth* v. *Gardner, supra* at 443-445, is not to the contrary.

Thus, the defendant pleaded guilty to murder in the second degree, a crime that exists under Massachusetts law and tracks the common-law definition of murder. The defendant's plea was valid and we affirm the denial of his motion for a new trial.

*So ordered.*