RANDALL A. MOWRY & another *vs.* CLEMENT N. CHASE.

To effect an arrest, it is not necessary for the officer to touch the person of the defendant, but is enough if the defendant is within the power of the officer and submits to the arrest.

On the trial of an action on a judgment obtained in another state, it appeared by the record of the former action that the service of the writ therein was made by an arrest of the defendant, from which, by direction of the plaintiff's attorney, he was released without giving bail or being committed to jail; and that the statutes of that state contained no express provisions inconsistent with such a service. *Held,* that the testimony of experts from that state was admissible to show whether by the usage and practice of its courts the service was sufficient to support the judgment; and that on such proof of its sufficiency the action might be maintained in this Commonwealth.

The decision of the court in an action on a judgment obtained by default and without the knowledge of the defendant, whether or not to allow him, under the Gen. Sts. c. 129. § 78, to show in defence a satisfaction of the claim prior to the obtaining of such judgment, or a matter of fraud, which he might have shown on a writ of review in the original suit, is a matter of discretion, and so not a subject of exceptions.

CONTRACT on a judgment recovered by the plaintiffs on June 3, 1861, against the defendant in an action in the court of common pleas in the county of Providence and state of Rhode

Island. Writ dated September 24, 1866. At the trial in the superior court, before *Vose*, J., the plaintiffs introduced an exemplification of the record of proceedings in that action, including the judgment, and rested their case. The return of service of the writ in that action, shown by this record, was as follows: " Providence, ss. September 5, A. D. 1860. I have arrested the body of the within named defendant, and have accepted of    as his bail. William Bacheller, Deputy Sheriff; " beneath which was the following indorsement without date, " Let go without bail, by order of plaintiffs' attorneys. Brown & Van Slyck, Plaintiffs' Attorneys." The defendant objected " that it appeared from the record itself that there was no such service of the original writ as to give the court in Rhode Island jurisdiction and render the judgment declared on valid against the defendant in this Commonwealth ; " but the judge ruled " that the plaintiffs had made out a *primâ facie* case."

The trial proceeding, it appeared that at the time when the original cause of action accrued the defendant resided in Rhode Island ; but that he soon afterwards removed to Massachusetts, and was a citizen of Massachusetts at the date of the writ in that action. " The defendant, then being called as a witness, testified substantially that, as he stepped from the cars in the railroad station in Providence, the officer having the plaintiffs' writ asked him if his name was Chase, and said he had a writ for him in favor of the plaintiffs; that he inquired of the officer for the plaintiffs, and was informed that one of them was outside the station ; that he and the officer walked out to where the plaintiff was, and in the presence of the officer he told the plaintiff that he had no means of settling there, and they talked together, when the defendant finally proposed to meet in a neighboring town that afternoon and effect some settlement, and this was agreed to by the plaintiff; that nothing was said about giving bail or going to jail; that he did not understand that he was under arrest or had been arrested ; and that, without any further act being done on the writ, the parties separated to meet again as arranged. The plaintiffs denied this statement, and offered evidence tending to show that the officer received the writ, direct

ing the arrest of the defendant, from the plaintiff Mowry; that, upon the defendant's being pointed out to him, he stepped up to the defendant and put his hand on his shoulder and told him he had a precept for him in favor of the plaintiffs, and read the writ to him; that the defendant asked the officer what he was to do, and the officer told him that he must either give bail or he must commit him to jail; that the defendant said he wished to see Mowry, and saw Mowry, who was near by at the time; that the parties talked together half an hour or more, in the presence of the officer; that the officer told the defendant that he was in a hurry, and he must give bail or go to jail; that finally the parties arranged to meet at the place stated; that the . officer told Mowry he could hold the defendant, and the defendant said there was no risk, and the writ and the defendant were then placed by the officer in the custody of Mowry, and the officer told Mowry to bring back the writ and defendant to him, the officer, if nothing was done; that the parties did afterwards meet at the place stated that day, and the defendant then agreed to meet the plaintiffs the next day, but did not; and that, nothing further being done, the writ was restored to the officer, who made his return thereon."

" Upon this evidence the defendant asked the judge to rule that, if the officer arrested the defendant, and then, without taking him to jail or requiring bail, permitted him to go under instructions from the plaintiffs or their counsel, this in itself was not such an arrest or such notice to the defendant as would give the court in Rhode Island jurisdiction and make this judgment valid against the defendant here; that in order to constitute an arrest there must be some touching of the person by the officer, and if the officer did not touch the person in this case then there was no arrest; that in order to constitute an arrest which would be a sufficient service of the writ and legal notice to the defendant so as to bind him, the officer must either have continued tc hold him in custody, admitted him to bail, or carried him to jail; and, if he did neither of these things, the arrest was incomplete, and of no binding force as a service of the writ and notice to the defendant.   But the judge refused so to rule, and instructed

the jury that no actual force or manual touching of the body was necessary to constitute an arrest on civil process; that if the officer, having a precept which authorized an arrest of the defendant, informed the defendant that he had such a precept and gave him to understand that he was arrested thereon, or under restraint, and the defendant did so understand and submitted to the custody and control of the officer, and the defendant's movements were directed by the officer, no matter for how short a time this continued, this was a legal arrest and notice to the defendant of the pendency of the action.

"The plaintiffs were permitted against the objection of the defendant to offer in evidence depositions of lawyers and judges of Rhode Island, tending to show that the service of a writ of arrest in the manner set forth in the officer's return was a good and valid service under the practice and usage of the courts of Rhode Island, giving the courts jurisdiction of the cause of action and over the defendants; and that a judgment concluded upon such a service would be valid there. But the defendant offered in evidence the Rev. Sts. of Rhode Island, and referred to *cc.* 178–189; contended, upon all the evidence in the case, that there was no statute or written law which expressly provided for such a service, or recognized the validity thereof or of a judgment rendered thereon, and that the statutes of said state did fully and particularly prescribe the manner in which said writs should be served; and asked the judge to instruct the jury that, in considering the question whether by the laws of Rhode Island the arrest of the defendant was a sufficient service and notice to authorize the judgment against him in that state, they were to consider the provisions of the statutes thereof regulating the service of such writs, and that, if they should find that the mode of service was fully provided for in said statutes, and that the officer did not follow that mode, then they were at liberty to find that the service of said writ was not sufficient to render the judgment valid and binding here; that the statutes of Rhode Island prescribed the mode in which writs of arrest were to be served, and if the officer did not make service of the writ substantially in the manner so prescribed, the service was

not such as would make the judgment binding on the defendant here ; that a practice of the courts in Rhode Island in regard to the effect to be given to certain modes or forms of service of writs, and as to rendering judgment when said modes of service had been observed, cannot be treated as the law of that state so as to make such judgment binding on the defendant here; and that the question whether the service was such as to enable the plaintiffs to maintain an action here upon the judgment was to be determined by the laws of this Commonwealth, the defendant being a citizen of Massachusetts. But the judge declined to give the instructions prayed for; and ruled that if this service was in fact made as stated in the officer's return, and that was shown to be in conformity to the laws of Rhode Island, it was a good and valid service, and binding on the defendant here, and that it was immaterial whether the law was contained in the statutes or reported decisions, or in the usage and practice of the courts of that state.

" There was evidence in said depositions tending to show that holding the defendant to bail in cases of arrest is at the option of the plaintiff, and the privilege of the plaintiff, by the law of Rhode Island ; that, under the practice there, a defendant arrested may be let go by order of the plaintiff or his attorney without bail, without impairing the service of the writ; that in cases where bail is actually taken the same may be relieved of obligation without prejudice to the validity of the service of the writ; and that in all such cases courts there uniformly proceed to give judgment. It was admitted that no bail in this case was ever taken ; and there was no evidence showing when the certificate of the attorneys was written on the precept. The defendant asked the judge to instruct the jury that, if the officer let the defendant go before he received the authority to do so which his return shows was that upon which he relied for the act, then the arrest was insufficient as a legal service of the writ. But the judge refused so to instruct them, and gave no instructions upon the point, there being no evidence in the case as to the alleged fact upon which the instruction was asked.

" The defendant offered evidence tending to show that, if any

arrest was made by the officer, the same was abandoned and the service of the writ given up and never completed, and asked the judge to instruct the jury that, if an arrest was made by the officer, and the arrest was in fact abandoned, then the service of the writ was incomplete, and the judgment was not binding upon the defendant here, and the action could not be maintained; that, if an arrest was made and afterwards the officer or the plaintiffs so conducted, or such representations were made by them, that the defendant might in the exercise of ordinary prudence and judgment suppose the arrest and service of the writ was abandoned, and he did in fact suppose so, the judgment was not binding upon the defendant, and the action could not be maintained. There was no evidence in the case as to the conduct or representations of the officer or plaintiffs as to the arrest other than what is above stated at length; and the judge declined to give the instructions prayed for, but ruled that, if there was in fact an arrest of the defendant by the officer in Rhode Island, it would be a valid service, giving the defendant notice that there was a suit pending against him there which he should take care of; submitted to the jury the following question: Did the plaintiffs, after the service of the writ by arrest, voluntarily and intentionally abandon the arrest and discharge the defendant therefrom?; and instructed the jury that, if they found an arrest was made, it was for the defendant to prove that the arrest was voluntarily abandoned and given up, in order to make it a defence; and that it must be shown that after the arrest and before any other act was done the plaintiffs voluntarily, and intending to give up the process and the service of the writ, discharged the defendant and permitted him to go away; that it was not sufficient to constitute a voluntary and intentional abandonment of the service, that the defendant was allowed to separate from the officer and go to his friends, or drive out of town by himself away from the officer and the plaintiffs, if this was done under the understanding and with the belief that the arrest still continued; and that they should be satisfied that the plaintiffs voluntarily permitted these acts in consequence of an intent to withdraw the suit.

" The defendant offered to introduce evidence that, after the alleged service, he settled in full the claim and cause of action, and that it was agreed by the parties thereto that all proceedings upon the writ were at an end, the suit given up, and the writ of no further validity; that the plaintiffs, in violation o' said agreement, and with intent to defraud the defendant, entered said writ and recovered said judgment; that the defendant had no knowledge of the time when, the place where, or the court into which the writ was returnable, and the first knowledge he had that the writ had been entered in court and judgment recovered was when he was served with process in the present action; all of which was denied by the plaintiffs. This evidence was excluded by the judge, who ruled that, if there was a valid service of the writ in Rhode Island, and an arrest of the defendant, then the evidence offered was no defence to this action."

The jury returned a general verdict for the plaintiffs; and also found specially that there was an arrest of the defendant and no abandonment thereof. The defendant alleged exceptions.

*H. Williams*, for the defendant.

*P. E. Aldrich & A. J. Bartholomew*, for the plaintiffs.

CHAPMAN, C. J.　By going into the state of Rhode Island the defendant subjected himself to the jurisdiction of its courts; and, if he was sued there, and the writ was served upon him personally in such a manner as would be binding upon an inhabitant of the state, a valid judgment might be recovered against him. If he had not gone there, it would have been otherwise. *Ewer* v. *Coffin*, 1 Cush. 23. *Phelps* v. *Brewer*, 9 Cush. 390. The jury have found that he was arrested on the writ; and that the arrest was not abandoned. These questions were properly submitted to them. *Carleton* v. *Bickford*, 13 Gray, 591. The jury were properly instructed that it was not necessary to touch the person of the defendant in order to make an arrest. It is enough, to constitute an arrest, if the party be within the power of the officer and submit to the arrest. *Williams* v. *Jones*, Cas. temp. Hardw. 301. *Arrowsmith* v. *Le Mesurier*, 2 New Rep. 211. *Strout* v. *Gooch*, 8 Greenl. 126. *Gold* v. *Bissell*, 1 Wend. 215

The statutes of Rhode Island which are referred to (Rev. Sts. *c.* 179) do not expressly require that, when service of a writ is made by arresting the person of the defendant, it is necessary to commit him to jail, or hold him to bail, in order to make the service valid; nor is any decision of the courts of that state cited on the part of the defendant, showing that there was not a valid service of the writ. The evidence as to the unwritten law of the state was properly admitted, such law being provable as a fact. *Holman* v. *King,* 7 Met. 384.

If the defendant, after service of the writ, settled the demand, and the plaintiff fraudulently proceeded to obtain the judgment, the defendant's remedy would be by obtaining a review or a new trial in the court where the judgment was rendered. It appearing that the court in Rhode Island had jurisdiction of the person of the defendant, and that the writ was served upon him, and the service not abandoned, this court is bound to give full faith and credit to the judgment rendered, and cannot inquire into the merits of the case. *Hall* v. *Williams,* 6 Pick. 232. *Knapp* v. *Abell,* 10 Allen, 485. If the provisions of the Gen. Sts. *c.* 129, § 78,* apply to an action brought upon a foreign judgment, still no exception lies to the ruling of the judge, as the power there given is discretionary.

In this view of the case, all the rulings of the presiding judge were correct. *Exceptions overruled.*

---

* In any action upon a judgment obtained by default, and without the knowledge of the defendant, the court may, in its discretion, and upon such terms as it deems reasonable, allow the defendant to show in defence any payment, satisfaction or extinguishment of the claim, prior to the obtaining of such judgment, or any matter of fraud, which in either case he might have shown upon a writ of review in the original suit; provided such action is brought within six years from the rendition of such judgment.