COMMONWEALTH *vs.* CARMELO GANGI.

Middlesex.     December 12, 1922. — January 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Rape. Evidence,* Competency, Relevancy and materiality, Admission by conduct. *Practice, Criminal.*

Where, at the trial of an indictment charging rape, the complainant has testified that at the time of the assault a rag which smelled of ether was placed over her mouth, and her mother has testified that the complainant smelled of ether or chloroform when she returned home shortly after the assault, evidence is admissible tending to show that a police officer, who accompanied the complainant to the place of the assault on the same night as the assault, "found ether," a "bottle" with "a little ether in it"; and the bottle itself may be introduced in evidence.

At the trial of an indictment charging rape upon a girl, testimony of the girl's mother as to a complaint made to her by the girl within two hours of the alleged crime is admissible in evidence.

Evidence, introduced as a part of the Commonwealth's case in chief at the trial of

an indictment for rape, tending to show that the defendant in the presence of a chief of police was confronted by the complainant in a police station, that she identified him and became hysterical, and that he started and changed color a good deal, is admissible, although there is no evidence that the defendant made any reply to the complainant's words of identification, if the chief of police has testified that the defendant was not at that time under arrest.

At the trial of an indictment for rape, the defendant, relative to the circumstances in which he was brought into a police station, testified: "The policeman, I forget his name, he grabbed hold of me by the back. I said, 'What is the reason?' He said, 'They want you in court.' I said, 'That is all right, I know my way, you don't have to hold me.' So he let me go." He went to the station house. Q. "Did you go at his [the police officer's] invitation or did he say whether or not you were under arrest?" A. "He said, 'They want you in court.'" *Held,* that, if the testimony was believed, the defendant was under arrest in the station.

At the trial of an indictment charging rape, evidence was admitted in the Commonwealth's case in chief tending to show that the defendant, when in a police station and not under arrest, was confronted by the complainant, who spoke words of identification, and that he started and changed color a good deal. There was no evidence that the defendant made any reply to the complainant's words of identification. Thereafter, testifying in his own behalf, the defendant stated facts which, if believed, showed that at the time in question he was under arrest. *Held,* that

(1) The question, whether the defendant was so under arrest at the time of the identification, was for the jury upon the conflicting testimony;

(2) A ruling by the judge that as a matter of law the defendant was not under arrest was error;

(3) The jury should have been instructed that they should consider the evidence as to what happened when the defendant was confronted by the complainant only if they found that at that time the defendant was not under arrest, and that such evidence should be disregarded by them if they found that at that time he was under arrest.

INDICTMENT, found and returned. on April 5, 1922, charging that the defendant on February 23, 1922, "at Woburn . . . did assault . . . [a certain girl] with intent to commit rape upon her; and her, the said . . . [girl] did commit rape upon."

In the Superior Court, the indictment was tried before *J. F. Brown,* J. The complainant testified in substance in direct examination that she was seventeen years of age, that when she was on her way home between nine and ten o'clock in the evening of February 23, 1922, "she was assaulted and a rape was committed upon her by the defendant; that during the assault a wet rag was placed over her mouth, smelling of ether; that after the assault she went home and the police were called; that with officer McCarthy she went to the spot of the assault;" and that the officer "picked up a bottle of — a little ether in it."

McCarthy, the police officer, testified that in company with another officer and the complainant and her father, he went to the scene of the assault immediately after his conversation with her and there "found ether." He then was asked, "With reference to the place where this girl was assaulted, where did you find the bottle?" and answered, "Right opposite where she was attacked." The Commonwealth then offered "that bottle" in evidence, and, subject to an exception by the defendant, it was admitted. The bill of exceptions stated: "The contents of the bottle offered and received in evidence was not analyzed, nor was any evidence as to its contents offered."

The complainant further was asked, relating to an occasion at the police station when the defendant was brought in, what she said to the chief of police, Charles R. McCauley, and, subject to exceptions by the defendant, in substance answered that she was asked if the defendant was the one who assaulted her and that she replied "Yes, I was quite sure he was the one." With regard to this testimony, the judge of the Superior Court ruled, "It is perfectly competent unless he was under arrest." The chief of police, McCauley, testified that, at the time of the conversation testified to, the defendant was not under arrest: "Not at that time." He further testified that, when the defendant was taken into the complainant's presence, she "became very hysterical. . . . He started at this girl and changed color a good deal. . . . When she got close to him she was positive he was the man who assaulted her." The defendant saved an exception "to this entire line" of testimony. The judge ruled, "This man was not under arrest." The defendant testified that he was arrested on March 11 in the station house: "The policeman, I forget his name, he grabbed hold of me by the back. I said, 'What is the reason?' He said, 'They want you in court.' I said, 'That is all right, I know my way, you don't have to hold me.' So he let me go." He went to the station house. Q. "Did you go at his invitation or did he say whether or not you were under arrest?" A. "He said, 'They want you in court.'"

The complainant's mother testified that on the night of the assault the complainant arrived home just before ten o'clock, crying: "she staggered and her face was almost black." Subject to an exception by the defendant, she was permitted to state in

detail a complaint then made to her by her daughter as to the assault and rape. She also testified that the complainant smelled of "either ether or chloroform, I don't know which."

The defendant was found guilty, and alleged exceptions.

The case was submitted on briefs.

*E. W. Kenney,* for the defendant.

*E. P. Saltonstall,* District Attorney, *& R. H. Beaudreau,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This is an indictment charging the defendant with rape.

1. Plainly there was no error in admitting evidence concerning the bottle containing ether found near the place of, and soon after, the alleged assault. The complainant and her mother both gave testimony as to the odor of ether following the assault.

2. Evidence as to the complaint made by the assaulted girl to her mother immediately succeeding the alleged crime was admissible. *Commonwealth* v. *Cleary,* 172 Mass. 175.

3. Witnesses were permitted to testify that, at the police station in the presence of the defendant, the complainant said that she was positive that the defendant was the man who assaulted her. This testimony was admitted on the ground that it did not then appear whether the defendant was under arrest or not at the time. The chief of police testified that the defendant was not under arrest at that time but was placed under arrest after the talk about identification was over. He also testified as to the identification of the defendant by the complainant, and that she became hysterical when she saw the defendant, and that the defendant, when brought into the presence of the complainant, started and changed color a good deal. The conduct of the defendant under these circumstances was admissible. There was no testimony that the defendant made any reply to the words of identification spoken by the complainant. The point is whether the words of the complainant in identifying him and his failure to speak were admissible. There was no error in admitting this evidence at the time because there was positive testimony that the defendant was not under arrest. If he was not under arrest, the evidence was competent.

Later the defendant testified in his own behalf as to the circumstances under which he came to the police station. If his testi-

mony was believed, he was under arrest. *French* v. *Bancroft,* 1 Met. 502, 504. *Mowry* v. *Chase,* 100 Mass. 79, 85. *Simmons* v. *Richards,* 171 Mass. 281. But the jury were not bound to accept his testimony as true. They might have disbelieved it entirely. They might have given credence to the statement of the chief of police. *Commonwealth* v. *Russ,* 232 Mass. 58, 70. If it had been indubitable that the defendant had been under arrest at the time, it would have been the duty of the court on proper motion to have ordered stricken out the evidence that the complainant had said in the presence of the defendant that she was positive that he was the man who assaulted her and directed the jury to disregard it. *Commonwealth* v. *Johnson,* 199 Mass. 55, 59. "If a defendant while under arrest is charged with the crime by an accusation made in his presence and hearing, and he remains mute or unequivocally denies it, his silence or denial is not admissible in evidence against him. But if he makes an equivocal reply, the question or statement by which it was elicited and the answer or comment are admissible." *Commonwealth* v. *Spiropoulos,* 208 Mass. 71, 74. But the evidence was conflicting on the point whether the defendant was then under arrest. So far as it was for the judge to pass upon the matter in determining the admissibility of evidence, he said that he thought the defendant was not under arrest. See *Coughlin* v. *White,* 236 Mass. 165. Since the evidence was conflicting, the motion to strike out the evidence as to the language of identification by the complainant was denied rightly. It was all a matter of fact to be left for the jury to decide. But the case did not rest there. The judge ruled positively in this connection that the defendant was not under arrest. That was error. That question should have been left to the jury with appropriate instructions, and direction given them to consider the conversation as to identification only in the event that they should find that the defendant was not under arrest. The defendant saved his rights in this connection by exception to the ruling.

*Exceptions sustained.*