COMMONWEALTH *vs.* WELLINGTON GRAHAM.

Suffolk.    April 4, 30, May 10, 1932. — June 27, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Evidence*, Admissions and confessions, Competency.

At the trial of an indictment charging that the defendant did assault and beat a certain woman with a dangerous weapon, a police officer, subject to an exception by the defendant, was permitted to testify that he brought the defendant, then under arrest, to the bedside of the woman at a hospital and that there she said she knew the defendant; that the officer asked her, "Did he cut you?" and that she replied, "He must have, there was no other man there"; that the officer then said to the defendant, "What do you say about that?" and that the defendant replied, "I must have been crazy if I did it." No other exception was saved by the defendant. *Held*, that the testimony was admissible as showing an equivocal reply to the officer's question or one susceptible of being interpreted as an admission or one not likely to be made by an innocent man.

The injured woman, at the trial above described, testified that she would not say that the defendant ever cut her or that she had ever said to the police officer who brought the defendant to the hospital that the defendant had cut her. The judge instructed the jury that the conversation between the police officer, the woman and the defendant at the hospital, above described, could be considered on the question whether or not it tended to show consciousness of guilt. The whole charge was not in the record. There was no exception to it. The defendant contended in this court that the testimony excepted to improperly was

admitted to contradict the woman. He had stated no such ground of exception at the trial. *Held*, that there was nothing in the record to indicate that the evidence in question improperly was admitted for the purpose of contradiction.

INDICTMENT, found and returned on February 10, 1932, and described in the opinion.

The indictment was tried in the Superior Court before *Cox*, J. Material evidence and the sole exception saved by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

*E. M. Shanley*, for the defendant.

*W. J. Foley*, District Attorney, & *H. J. Campbell*, Assistant District Attorney, for the Commonwealth, submitted a brief.

DONAHUE, J. The defendant was convicted by a jury on an indictment charging that he "did assault and beat Elizabeth McAuliffe with a certain dangerous weapon." St. 1927, c. 187, § 1. The case is before us on the defendant's exceptions to the admission of certain evidence. A witness called by the Commonwealth testified that, at a party at the house of Mrs. McAuliffe at which there was considerable drinking, she saw the defendant cut Mrs. McAuliffe with a knife. Mrs. McAuliffe testified that while in a drunken condition she was cut, and was brought to a hospital; that she would not say the defendant ever cut her or that she had ever said to a police officer who brought the defendant to the hospital that the defendant had cut her. A police officer testified that he brought the defendant to the bedside of Mrs. McAuliffe at the hospital and that there Mrs. McAuliffe said she knew the defendant; that the officer asked her: "Did he cut you?" and that she replied: "He must have, there was no other man there"; that the officer then said to the defendant: "What do you say about that?" and that the defendant replied: "I must have been crazy if I did it." The defendant seasonably excepted to the above questions appearing in the officer's testimony and to the refusal of the trial judge on motion of the defendant to strike out the answers to those questions as testified to by the officer. The defendant testified that he was at the party

at Mrs. McAuliffe's house, that he was drunk and never remembered having trouble with Mrs. McAuliffe or cutting her, that he was brought to her bedside at the hospital and that she never accused him of having cut her.

The evidence excepted to was properly admitted for the consideration of the jury. It was for the jury to say whether or not the testimony of the police officer was true and if so whether or not the reply of the defendant to the statement of Mrs. McAuliffe was indicative of the defendant's guilt of the crime charged. "When a defendant while under arrest is charged with a crime by an accusation made in his presence, and makes an equivocal reply or one susceptible of being interpreted as an admission or one not likely to be made by an innocent man, the question or statement and the answer or comment are admissible." *Commonwealth v. Madeiros,* 255 Mass. 304, 313. The defendant contends that when a statement accusatory of a crime is made in the presence of a defendant who is under arrest and he does not by a reply accept the statement or some part of the statement so as in effect to make it his own, such evidence is not admissible. This ignores the established law of the Commonwealth that not only may such a defendant make a direct verbal admission of the truth of a statement made in his presence, but also by reason of an equivocal, evasive or irresponsive reply or comment may be found by a jury under proper instructions from the judge to have made an admission of evidential value on the issue of his guilt. *Commonwealth v. Brown,* 121 Mass. 69, 80. *Commonwealth v. Trefethen,* 157 Mass. 180, 197–198. *Commonwealth v. Spiropoulos,* 208 Mass. 71, 74. *Commonwealth v. Sherman,* 234 Mass. 7, 12. *Commonwealth v. Merrick,* 255 Mass. 510, 512. *Commonwealth v. Hamel,* 264 Mass. 564, 569. *Commonwealth v. Hebert,* 264 Mass. 571, 578.

The defendant suggests that the evidence excepted to might have been admitted to contradict Mrs. McAuliffe and that for such purpose it was inadmissible. G. L. c. 233, § 23. That was not stated as the ground of the exceptions. The judge instructed the jury that the conversation could be considered on the question whether or not it tended to show

consciousness of guilt. *Commonwealth* v. *Sherman,* 234 Mass. 7, 12. No exception was taken to the charge which is not before us. There is nothing in the record to indicate that the evidence in question was admitted for the purpose of contradiction, or that the judge's charge did not fully protect the rights of the defendant with respect to the admission of that evidence.

*Exceptions overruled.*