### COMMONWEALTH *vs.* JOHN T. KOSIOR.

Hampshire.    September 21, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Burning Insured Property. Evidence,* Competency, Admissions. *Practice, Criminal,* Exceptions.

No reversible error was shown in the exclusion, at the trial of an indictment, of a question asked of the defendant by his counsel, which sought to bring out an explanation of certain conduct of the defendant, only slightly relevant, where the explanation was given by the defendant in answer to another question.

Where, at the trial of an indictment charging the defendant with burning his home and a barn containing tobacco with intent to defraud an insurance company, the Commonwealth had introduced, as evidence of preparation for the fire, the fact that there was in the barn a large quantity of cornstalks, and the defendant, in explanation. of the presence of the cornstalks, had introduced evidence, which was uncontradicted, that they were used to cover the tobacco in order to prevent the escape of moisture therefrom, there was no error in excluding further evidence, offered by the defendant, to show that there was a practice or custom among tobacco growers to use cornstalks for that purpose.

There being evidence at the trial above described that after the fire there had been discovered in the barn a partly burned candle standing upright in a small box, surrounded by rags which smelled of kerosene, it was proper to admit testimony of a tenant of the defendant, living in a house situated a few feet from a tobacco barn which was connected with the barn before mentioned, to the effect that about three weeks before the fire the defendant had advised the tenant to get good insurance on his furniture and then "to take a rag and put kerosene on and put a candle and let it burn and it will be all set by the time you get down to your mother's."

At the trial above described, a police officer, called by the Commonwealth, testified that on the day after the fire he had talked with the defendant about some tobacco which a third person had purchased from the defendant for delivery after the fire, but which the defendant on the day before the fire moved out of the barn which subsequently burned into another barn, and that the defendant then told him that he moved the tobacco in order to make it more convenient for the truckman, and that the tobacco was not insured against fire. The judge, over the defendant's exception, admitted testimony of the police officer that he told the defendant that such third person had declared that the defendant, on the day before the fire, had expressed a desire to deliver the tobacco on that day, stating as a reason that the tobacco was not insured and the defendant might have a fire. The police officer testified that the defendant denied giving any such reason in his talk with the third person; and the third person was not called as a witness. *Held,* that the admission of the testimony as to the statement by the third person to the police officer was prejudicial error and required the sustaining of the exception.

At the trial above described, it was prejudicial error to permit the introduction of testimony by a police officer that after the fire, in response to questions by him, the defendant had said that in the past he had had fires in a number of different buildings for which he had collected insurance.

Although, with respect to the evidence, above described, as to other fires, the judge charged the jury that the evidence of other fires was not evidence that the defendant ever committed a crime, the error in the admission of the evidence was not cured, since the judge had added that the jury might consider such evidence "for what it is worth."

INDICTMENT, found and returned on February 18, 1932, charging that the defendant burned certain property with intent to injure certain insurers thereof.

In the Superior Court, the indictment was tried before *Beaudreau*, J. Material evidence is described in the opinion. The defendant was found guilty and alleged exceptions.

*D. H. Keedy*, (*S. J. Vanderlick* with him,) for the defendant.

*J. T. Bartlett*, District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was convicted upon circumstantial evidence of burning, on December 2, 1931, his house and barn and also chattels, with intent to injure corporations insuring such property against loss or damage by fire. G. L. (Ter. Ed.) c. 266, § 10. His exceptions raise questions of evidence.

1. There was evidence that the defendant, on the afternoon before the fire, went to the insurance agent, told the agent that he thought the balance due for insurance premiums upon the property in question was $50, and paid the agent that amount. The agent, not knowing the exact amount due, accepted the payment, and gave the defendant a receipt in full. In fact, the amount due was $45.64. The defendant excepted to the exclusion of a question to the defendant, as to whether the defendant knew that he was paying more than was due. This exception must be overruled. The defendant's position, that he had forgotten to bring the bill showing the amount due, and believed that he was paying the correct amount, appeared pretty plainly from his answer to another question. The relevancy of the whole matter was slight. We think that the defendant was not harmed.

2. The Commonwealth, as evidence of preparation for a fire, showed that in the barn there was a large quantity of cornstalks. Some of the cornstalks were on common tobacco poles above the driveway of the barn. Witnesses, both for the Commonwealth and for the defendant, testified that the cornstalks above the driveway had been there since late October. A witness for the defendant added that these cornstalks had been used until late October in the same

barn to cover tobacco in order to prevent the escape of moisture from the tobacco. The defendant offered to show, apparently by the same witness, that there was a practice or custom among tobacco growers to use cornstalks for that purpose. To the exclusion of evidence of such practice or custom the defendant excepted. This exception must be overruled. The defendant already had introduced the direct evidence of the witness showing the innocent purpose for which the cornstalks were actually used, and so far as appears that evidence was uncontradicted. The trial judge was not bound to receive further evidence from the same witness, tending by inference to support what he had already testified positively of his own knowledge. *McCooe* v. *Dighton, Somerset & Swansea Street Railway*, 173 Mass. 117. *Sanderson* v. *Carroll*, 238 Mass. 142. *Commonwealth* v. *Bedrosian*, 247 Mass. 573. *Commonwealth* v. *Sacco*, 255 Mass. 369, 441. *Nelson* v. *Hamlin*, 258 Mass. 331, 341.

3. The Commonwealth introduced evidence that on the day after the fire police officers discovered in the barn, in which fire had broken out and had been extinguished three times during the night, a partly burned candle standing upright in a small box, surrounded by rags which smelled of kerosene. There was no continuous burning from the house to the barn. The Commonwealth, over the defendant's exception, was permitted to introduce the testimony of a tenant of the defendant, living in a house situated a few feet from a tobacco barn which was connected with the barn before mentioned, to the effect that about three weeks before the fire the defendant advised her to get good insurance on her furniture and then "to take a rag and put kerosene on and put a candle and let it burn and it will be all set by the time you get down to your mother's." This evidence was admissible. It tended to show that the defendant was familiar with the very method of setting fires that, according to the evidence, was adopted by some person in setting the fire in question, and thus to identify the defendant with the malefactor. *Commonwealth* v. *Choate*, 105 Mass. 451. Wigmore, Evidence (2d ed.) § 413. In Bemis's Report, 89, 98, of the trial of *Commonwealth* **v.**

*Webster,* 5 Cush. 295, it appears that the full court admitted evidence that the mode of dissection of the body which was adopted by the murderer showed a knowledge of anatomy, the defendant being a professor in a school of medicine. In *Costelo* v. *Crowell,* 139 Mass. 588, where evidence of the plaintiff's ability to forge documents was held inadmissible in a suit upon a note which, the defendant contended, was forged by the plaintiff, no question of identity arose. We need not consider whether the evidence was also admissible as showing a purpose to cause to be burned the neighboring buildings that subsequently were burned. *Commonwealth* v. *Bradford,* 126 Mass. 42. *Commonwealth* v. *Leventhal,* 236 Mass. 516, 521. *Commonwealth* v. *Robinson,* 146 Mass. 571. Wigmore, Evidence (2d ed.) §§ 102–106.

4. The Commonwealth introduced the testimony of a police officer that on the day after the fire he talked with the defendant about some tobacco which one Carl had purchased from the defendant for delivery on December 7, but which the defendant on the day before the fire moved out from the barn which subsequently burned into another barn. The defendant told the police officer that he moved the tobacco in order to make it more convenient for the truckman, and that the tobacco was not insured against fire. The judge, over the defendant's exception, admitted the testimony of the police officer that he told the defendant that Carl had declared that the defendant, on the day before the fire, had expressed a desire to deliver the tobacco on that day, stating as a reason that the tobacco was not insured and the defendant might have a fire. The police officer testified that the defendant denied giving any such reason in his talk with Carl. Carl was not called as a witness.

We think that this exception must be sustained. Since the defendant unequivocally denied the statement attributed to him by Carl and repeated to the defendant by the police officer, there was nothing in the nature of an admission. The hearsay statement of Carl to the police officer was left in the case, to be weighed against the evidence of the defendant's denial. This was error, prejudicial to the

defendant. *Fitzgerald* v. *Williams*, 148 Mass. 462. *Commonwealth* v. *Trefethen*, 157 Mass. 180, 197. *People* v. *Pfanschmidt*, 262 Ill. 411, 449, *et seq.* *People* v. *Nitti*, 312 Ill. 73, 93, *et seq.* Compare *Commonwealth* v. *Zaidon*, 253 Mass. 600; *Commonwealth* v. *Hamel*, 264 Mass. 564, 569; *Commonwealth* v. *Hebert*, 264 Mass. 571, 578; *Rex* v. *Christie*, [1914] A. C. 545.

5. The judge, over the defendant's exception, admitted the testimony of the same police officer that after the fire, in response to questions by the police officer, the defendant said that in the past he had had fires in a number of different buildings for which he had collected insurance. The circumstances of the earlier fires did not appear, and could not have been made to appear without raising confusing collateral issues. Even if the earlier fires had been criminally set by the defendant, the fact could not have been shown, because of the rule that generally the commission of independent crimes in the past is no evidence of guilt of the crime charged. *Commonwealth* v. *Jackson*, 132 Mass. 16. *Costelo* v. *Crowell*, 139 Mass. 588, 591. *Miller* v. *Curtis*, 158 Mass. 127. *McDowell* v. *Connecticut Fire Ins. Co.* 164 Mass. 394. *Noyes* v. *Boston & Maine Railroad*, 213 Mass. 9. *People* v. *Grutz*, 212 N. Y. 72. *People* v. *Harvey*, 235 N. Y. 282. *State* v. *Raymond*, 24 Vroom, 260. *Fish* v. *United States*, 215 Fed. Rep. 544. *Macdonald* v. *United States*, 264 Fed. Rep. 733. An admission out of court by the defendant of an otherwise incompetent fact does not make such fact competent evidence. *Commonwealth* v. *Campbell*, 155 Mass. 537. *State* v. *Cohen*, 97 N. J. L. 5. *United States* v. *Sager*, 49 Fed. Rep. (2d) 725, 729, 730. The evidence, though immaterial, was likely to harm the defendant, and its admission was error. The error was not cured by the charge, for although the judge told the jury that the evidence of other fires is not evidence that the defendant ever committed a crime, he added that the jury might consider such evidence "for what it is worth." *People* v. *Fitzgerald*, 156 N. Y. 253, 261, 262.

*Exceptions sustained.*