COMMONWEALTH *vs.* CLIFFORD H. BIGGS.

Suffolk.    January 6, 1936. — January 27, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Arrest. Evidence*, Admissions.    *Practice, Criminal*, Exceptions, Argument by district attorney.

Evidence that a man suspected of causing an abortion, voluntarily went with two police officers to the bedside of the woman involved, that he was not then under arrest though he might not have been allowed to leave the officers had he tried to do so, warranted a preliminary ruling by the judge that he was not under arrest.

That a person not under arrest made no answer when charged with an offence was some evidence of his guilt.

It could not be assumed that the judge at the trial of an indictment had omitted to submit a certain question to the jury if the record did not contain the entire charge.

If the judge at the trial of an indictment omitted to submit a certain issue to the jury, no reversible error was shown where the matter was not called to his attention and no exception to the omission was saved.

At the trial of an indictment for causing an abortion, the defendant had no ground for exception to a statement to the jury by the district attorney, "When a man commits an abortion he takes a life and therefore a soul," which the judge allowed to stand with a caution to the jury that they should decide the issue on the evidence alone, disregarding anything said by either attorney not consistent with it.

INDICTMENT, found and returned on April 9, 1935.

The indictment was tried in the Superior Court before *Sheehan*, J. The defendant was found guilty and alleged exceptions.

*E. O. Gourdin*, for the defendant.

*W. M. Gaddis*, Assistant District Attorney, for the Commonwealth.

QUA, J. The defendant has been convicted of performing an abortion upon a woman by the name of Roach. The only exceptions argued relate to the admission of certain evidence and to the alleged failure to submit to the jury questions arising therefrom, and to a remark of the prosecuting attorney during the final argument.

The Commonwealth called a police stenographer who

took notes of an interview in the defendant's presence between police officers and Roach at a hospital to which Roach had been taken following the alleged abortion. Upon objection by the defendant to the stenographer's testimony on the ground that the defendant was under arrest at the time of the interview, the judge excused the jury and took evidence upon the question of arrest. A police officer testified that the defendant had asked to be taken to the bedside; that the defendant was not under arrest; that the defendant rode to the hospital in the back seat between two officers; that the witness did not know whether the defendant could have left the automobile, if he had wanted to do so, or whether the witness would have allowed the defendant to leave it and escape; that he would "have to wait for that situation to arise"; that he had had the defendant wait outside Roach's room at the hospital until Roach was prepared to receive visitors; and that the defendant was then taken to her bedside.

On this evidence the judge "ruled" that the defendant was not under arrest. Even if this be construed strictly as a ruling of law and not merely as a refusal to find an arrest as a fact, it was right. The evidence was equally consistent with the defendant making a voluntary trip to the hospital in company with the officers. Evidence merely that one was riding on the same seat with police officers does not show that he had been deprived of self determination as to his movements, or that he had been caused to believe himself under restraint, or that he had surrendered to the will of the officers. *Mowry* v. *Chase,* 100 Mass. 79, 85. *Commonwealth* v. *Merrick,* 255 Mass. 510, 512–513. Nor was he already under arrest even if it was possible that the officers might have arrested him, if he had tried to get out.

In this state of the case, the judge rightly admitted the stenographer's testimony that Roach had stated, in substance, that the defendant had performed an abortion upon her; that the defendant was asked, "Did you hear what she said?" and that his reply was, "Yes, sir." Under the circumstances his failure to deny the charge might be thought to have some tendency to show guilt. *Commonwealth* v.

*Spiropoulos,* 208 Mass. 71, 74. *Commonwealth* v. *Gangi,* 243 Mass. 341.

Later in the trial the defendant gave testimony from which it could have been found that he was under arrest at the time of the interview at the hospital and he also testified in substance that he had denied Roach's accusation at the time when it was made. In view of this, the defendant contends that the jury should have been instructed to pass upon these matters before giving weight to the interview as evidence. *Commonwealth* v. *Gangi,* 243 Mass. 341, 345. See *Commonwealth* v. *Kosior,* 280 Mass. 418, 422. The judge's charge as a whole is not included in the record, and it does not appear that these preliminary questions were not in fact submitted to the jury. But if they were not, there is nothing to show that the matter of this interview was called to the judge's attention in any way after he had once properly admitted the evidence or that any exception was saved to his failure to submit these questions to the jury.

In dealing with the case as it has been presented to us, we do not intend any implication as to whether the defendant's reply, as testified to by the police officers, was or was not so far equivocal as to be admissible, even if the defendant was under arrest. See *Commonwealth* v. *Madeiros,* 255 Mass. 304, 313; *Commonwealth* v. *Hebert,* 264 Mass. 571, 578; *Commonwealth* v. *Graham,* 279 Mass. 466.

The assistant district attorney in his address to the jury said, "When a man commits an abortion he takes a life and therefore a soul." The judge ruled that this remark might stand, instructing the jury, however, that they were to decide the issue upon the evidence only, and should disregard any statements made by either attorney which were not in accordance with the evidence. We think this was not reversible error. The remark must have been intended merely to impress upon the jury the seriousness of the offence charged and the importance of the issue before them. It had no tendency to bring about a verdict of guilty. See *Commonwealth* v. *Howard,* 205 Mass. 128, 147.

*Exceptions overruled.*