### COMMONWEALTH *vs.* MARION TWOMBLY.

Suffolk.    April 1, 1946. — May 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Evidence*, Admissions and confessions, Competency.  *Error*, Whether error harmful.  *Practice, Criminal*, Exceptions: whether error harmful.

Testimony by a witness at a criminal trial as to statements, made by a third person to the witness about the defendant's conduct and in the defendant's presence while he was not under arrest, was not competent as showing an admission by the defendant but was mere incompetent hearsay where the witness further testified that the defendant at the time of the making of the statements unequivocally denied their truth.

The mere fact that, after arrest, a defendant stated that if he received probation he "would accept it, but that otherwise" he "would fight it to the end," did not make competent testimony, previously but improperly admitted, respecting statements made in the defendant's presence before his arrest, the truth of which he then unequivocally denied.

The admission of incompetent evidence that the defendant had had illicit relations with a man at a hotel was prejudicial error at the trial of a complaint against a woman for being an idle and disorderly person.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on August 3, 1945.

Upon appeal to the Superior Court, the case was tried before *Swift*, J.  The defendant was found guilty and alleged exceptions.

*W. G. Hollingsworth*, (*T. E. Dwyer* with him,) for the defendant.

*John J. Sullivan*, Assistant District Attorney, for the Commonwealth.

QUA, J.    At the trial in the Superior Court of a complaint against the defendant for being an idle and disorderly person (G. L. [Ter. Ed.] c. 272, § 53, as appearing in St. 1943, c. 377), a policewoman was allowed to testify that she had a conversation with one Mary Paradisco in the defendant's presence, the defendant not then being under arrest, in which Mary Paradisco said that early that morning she and the

defendant, with two service men, had engaged a room with twin beds at a hotel, that she (Mary Paradisco) and one of the service men had occupied one bed, and the defendant and the other service man had occupied the other bed, and that each of the women had relations with the man she was with. The witness then testified that after Mary Paradisco made these statements "she" (apparently meaning the witness) "turned to the defendant and asked her what she had to say and that the defendant denied the statement and said that it was not true." The evidence as to what Mary Paradisco said was admitted and allowed to stand over the exception of the defendant. Mary Paradisco did not testify at the trial.

There was error. If the defendant, not being under arrest, had refused to speak when a denial of some kind would naturally be expected from an innocent person, or if she had made an equivocal answer, the evidence would have carried something of the flavor of an admission and would have been competent. *Commonwealth* v. *Kenney*, 12 Met. 235. *Commonwealth* v. *Spiropoulos*, 208 Mass. 71, 74. *Commonwealth* v. *Gangi*, 243 Mass. 341. *Commonwealth* v. *Biggs*, 293 Mass. 235, 236. *Commonwealth* v. *Cheng*, 310 Mass. 293, 297. *Commonwealth* v. *Boris*, 317 Mass. 309, 317. But a flat denial was in no sense an admission. It left the alleged statements of Mary Paradisco nothing but incompetent hearsay. *Fitzgerald* v. *Williams*, 148 Mass. 462, 467. *Commonwealth* v. *Trefethen*, 157 Mass. 180, 197. *Commonwealth* v. *Kosior*, 280 Mass. 418, 422–423. *Commonwealth* v. *Polian*, 288 Mass. 494, 496. *Commonwealth* v. *Green*, 302 Mass. 547, 551. See *Commonwealth* v. *Anderson*, 220 Mass. 142.

They were not rendered competent by evidence later in the trial that upon being arrested the defendant said that "if she received probation she would accept it but that otherwise she would fight it to the end." If this can be treated as in the nature of an admission, yet it does not appear that this was part of, or in any way related to, the conversation in which the defendant had made her unqualified denial of having had relations with the service man. See *Commonwealth* v. *Trefethen*, 157 Mass. 180, 200; *Commonwealth* v.

*Russell*, 160 Mass. 8, 10; *Commonwealth* v. *Chance*, 174 Mass. 245, 248–249; *Commonwealth* v. *Keyes*, 11 Gray, 323.

The incompetent evidence was of a highly prejudicial character and may have influenced the verdict against the defendant.

*Exceptions sustained.*