COMMONWEALTH *vs.* JACOB ARONSON.

Suffolk. October 5, 1953. — October 29, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Abortion. Practice, Criminal*, Exceptions: whether error harmful; Requests, rulings and instructions; Charge to jury. *Error*, Whether error harmful. *Evidence*, Relevancy and materiality, On cross-examination, Admissions and confessions, Telephone conversation, Leading question. *Witness*, Cross-examination. *Arrest.*

Conviction of a physician for violation of G. L. (Ter. Ed.) c. 272, § 19, was warranted by evidence that he agreed to a request of a woman for an abortion and told her that it would cost a certain substantial sum, that they thereupon met at a prearranged place at which he had surgical instruments with him and, after he had caused her to lie on a table, something was done in her private parts causing her a "scraping sensation," and that she paid him such sum. [455–457]

At the trial of an indictment against a physician for violation of G. L. (Ter. Ed.) c. 272, § 19, where the only issue tried and submitted to the jury was use of an instrument on the body of a woman ‚with intent to procure her miscarriage, as alleged in the indictment, and there was no evidence to support a further allegation in the indictment

that the defendant administered to the woman a poison, drug, medicine or other noxious thing with like intent, he was not harmed by a failure of the judge to instruct the jury, as requested by him, that there was no evidence of such administration. [457]

Reversible error was not shown in a criminal case by a fragment of the charge to the jury which, isolated from its context, might have been inaccurate where the charge as a whole must have given the jury a correct impression of the law. [457–458]

The judge presiding at a criminal trial is not required to give in terms a correct instruction to the jury requested by the defendant if such instruction is given in substance. [458]

At the trial of an indictment against a physician for violation of G. L. (Ter. Ed.) c. 272, § 19, there was no error in the circumstances in the admission of evidence tending to show the defendant's association with a woman residing in an apartment where the alleged crime occurred. [458]

The extent of the cross-examination of witnesses at a criminal trial rests largely in the discretion of the trial judge. [458–459]

There was no error at a criminal trial in a ruling by the judge that the defendant was not under arrest on an occasion when he was at the scene of the crime with police officers and others and, it was alleged, failed to reply to incriminating statements made in his presence, or in disclosing such ruling to the jury and later stating to them in the charge that it "stands," where there was evidence that, although the police officers would not have permitted the defendant to go away on such occasion, they did nothing to show their intention to hold him and the judge ultimately left it to the jury to determine whether or not the defendant was then under arrest. [459]

There was no error in the admission at a criminal trial of an alleged failure of the defendant to reply to incriminating statements made in his presence on an occasion when he was at the scene of the crime with police officers and others and, as could have been found, was not under arrest, together with evidence that before the incriminating statements were made he had said he would not answer questions, and that following the statements he was asked whether he had heard them and replied that he had but that the persons making them were "all confused" and then, upon being asked whether they were true, replied that he was not "going to say anything until he saw a lawyer." [459]

On the record, there was no merit in an assignment of error in a criminal case attacking the admission of testimony as to a telephone conversation between the witness and the defendant on the alleged ground that the defendant had not been sufficiently identified as the one who talked with the witness. [460]

At the trial of an indictment for use of an instrument on the body of a woman with intent to procure her miscarriage in violation of G. L. (Ter. Ed.) c. 272, § 19, there was no error in permitting leading questions to 'be asked the woman where it appeared that she was under emotional stress. [460]

Commonwealth *v.* Aronson.

No reversible error appeared at the trial of a criminal case in the admission of evidence which the judge in his charge instructed the jury to disregard. [460]

At the trial of an indictment for use of an instrument on the body of a woman with intent to procure her miscarriage in violation of G. L. (Ter. Ed.) c. 272, § 19, no reversible error appeared on the record in the admission of an opinion of a physician that certain instruments found at the place of the alleged crime were capable of causing an abortion, or in permitting the prosecutor to refer to them as an "abortion kit." [460-461]

The exclusion of certain questions asked by the defendant at the trial of a criminal case was not shown to have harmed him in the absence of an offer of proof. [461]

INDICTMENT, found and returned on July 6, 1950.

The case was tried in the Superior Court before *Dowd,* J.

*Julius H. Soble,* (*Herbert F. Callahan* with him,) for the defendant.

*Frederick T. Doyle,* Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was indicted under G. L. (Ter. Ed.) c. 272, § 19, for unlawfully administering to a woman named Pitts a poison, drug, medicine or other noxious thing, and for unlawfully using on the body of said Pitts an instrument, all with intent to procure the miscarriage of said Pitts. He was found guilty by the jury, and sentenced to imprisonment in the State prison. Later the execution of the sentence was stayed and he was released on bail. The case comes here on his appeal under G. L. (Ter. Ed.) c. 278, §§ 33A-33G, as amended, with a summary of the record, a transcript of the evidence, and an assignment of errors.

The assignment of errors raised the question whether the evidence warranted a finding that the defendant operated on the woman for the purpose of causing an abortion. There was evidence tending to prove the following facts. On May 23, 1950, the defendant was a physician about sixty years old, a graduate of a leading college and of its medical school, who began practice in 1916 but had ceased active practice in 1935. He had retained some of his patients though he had no office. He lived in Brookline. A friend

and patient of his was an elderly married woman named Robbins who lived with her husband in an apartment at 103 Mountfort Street in Boston.

Pitts thought that she was six weeks advanced in pregnancy. She made arrangements with a man named Ayoub, with whom she worked, to take her to see the defendant in Brookline on the morning of May 23, 1950. Before they arrived at the defendant's house she telephoned him and asked whether she could have an abortion. The defendant said that she could and told her to come to his house. At his house the defendant examined her vagina briefly, and told her to go to 103 Mountfort Street in Boston. He told her that the operation would cost $325. Pitts and Ayoub drove to 103 Mountfort Street, and entered the Robbins apartment. Later the defendant came there and met them. The defendant caused Pitts to lie down on a table in the kitchen. Then Pitts felt something in her private parts, a scraping sensation. After Pitts had risen, the defendant injected penicillin in her buttocks. The defendant had sterilized surgical instruments, belonging to him, and had them in the kitchen. Pitts paid him $325 as agreed.

After this police officers, who had been watching the defendant from the time he left his house, came into the apartment at 103 Mountfort Street. The defendant left by the rear door, although his automobile was parked on the street. He told an officer that he had been visiting a friend. In the apartment afterwards he was asked by a police officer what he was doing there with Pitts and Ayoub. He said he would stand on his rights and would not answer. He told Mrs. Robbins that she did not have to answer the questions of the police officers. Later at the police station the defendant attempted to conceal a paper with the name and address of Pitts written on it.

The defendant moved for a directed verdict in his favor. There was evidence of something done in the vagina of Pitts, in pursuance of an agreement to give her an abortion, for which she paid $325, a sum grossly excessive as payment for a lawful examination. Proof that she was pregnant is

not required for a conviction. *Commonwealth* v. *Viera*, 329 Mass. 470, 471. There was no error in submitting the case to the jury.

Several assignments of error relate to the fact that the judge did not instruct the jury, though requested, that there was no evidence of the administration of any poison, drug, medicine or other noxious thing. It is true that there was none, and the judge might well have given the instructions requested. *Commonwealth* v. *Albert*, 310 Mass. 811, 821. But the defendant could be convicted of the violation of a part of the section creating the offence. *Commonwealth* v. *Martin*, 304 Mass. 320. *Commonwealth* v. *Beal*, 314 Mass. 210, 224. We are unable to see that the defendant was harmed. Neither the prosecutor in his opening nor the judge in his charge suggested that the defendant could be found guilty except upon proof of the use of some instrument. In the charge the judge said, "The government only has to prove there was some instrument, some tool inserted into the vagina of this woman." Obviously no question of poison, drug, medicine or noxious thing was submitted to the jury, and we cannot attribute to the jury such irrational conduct as to find the defendant guilty upon no evidence whatever. *Commonwealth* v. *Beal*, 314 Mass. 210, 224.

In his charge the judge said, "The offence is the intent, and that is the only thing in which you are concerned, to find upon the evidence with respect to what I will tell you about the rest of the statute." One assignment of error relates to that passage. The defendant contends that the judge permitted the jury to find the defendant guilty without proof of any overt criminal act. But the defendant cannot rely upon a single passage which when lifted from its context may be inaccurate. The impression created by the charge as a whole constitutes the test. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 318. *Cronin* v. *Boston Elevated Railway*, 233 Mass. 243, 246. *Ouillette* v. *Sheerin*, 297 Mass. 536, 542. The judge told the jury that the defendant could not be convicted if he merely examined the

woman, but that he could be convicted if "there was some instrument, some tool inserted into the vagina of this woman." We think that the jury could not fail to understand that a criminal intent and a criminal act must concur, in order to convict the defendant.

One assignment of error is to the failure of the judge to instruct the jury as requested that the defendant could not be convicted upon conjecture, surmise or speculation or without a solid foundation of established facts. There is no doubt of the correctness of the instruction requested. *Commonwealth* v. *Ehrlich*, 308 Mass. 498, 500. But the judge told the jury that the prosecution must prove beyond a reasonable doubt all the material facts constituting the crime. We think that the requested instruction was given in substance, and that is all that the law requires. A defendant has no right to have the judge adopt and give his request in terms. The same is true of the defendant's request for an instruction that when evidence tends equally to prove either of two inconsistent propositions, neither can be said to be proved.

The Commonwealth called as a witness a Mrs. Del Vecho, who lived on Mountfort Street. She testified that she saw the defendant carrying a brown bag on the morning of May 23, 1950. There was no error in excluding questions asked by the defendant as to the number of such bags she had ever seen, and as to whether she believed that a bag shown to her in the court room was like the bag the defendant was carrying. Those questions had little if any relevancy.

A man who lived at 103 Mountfort Street testified that he had seen the defendant there a few months before May 23, 1950, in company with a woman. There was no error in the admission of this testimony. The defendant and Mrs. Robbins were charged with conspiracy, and the testimony tended to show his association with her. Error was assigned also to the exclusion on cross-examination of the question whether in view of the busy life of the witness he had little opportunity to know whether other tenants at 103 Mountfort Street had visitors. The extent of cross-

examination rests largely in the discretion of the judge, and we see no error in his action. *Commonwealth* v. *Granito,* 326 Mass. 494, 496.

The defendant assigns as error the admission of statements made by the defendant at 103 Mountfort Street in the presence of police officers that he would answer no more questions and of his failure to reply to statements made by such officers and others. The judge ruled that the defendant was not then under arrest. It is true that police officers would not have permitted the defendant to go away, but they did nothing to show their intention to hold him. *Commonwealth* v. *Biggs,* 293 Mass. 235. *Commonwealth* v. *Martin,* 304 Mass. 320, 324. *Commonwealth* v. *Twombly,* 319 Mass. 464, 465. Ultimately the judge left it to the jury to determine whether the defendant was then under arrest. In this there was no error. Following this conversation and as a part of it there was testimony that an officer asked the defendant whether he had heard the statements made by Pitts, Ayoub and Mrs. Robbins. The defendant answered that he had, but that they were "all confused." He was then asked whether their statements were true. He answered that he was not "going to say anything until he saw a lawyer." That was admissible. There is nothing in the defendant's contention that a failure on his part to reply to an incriminating accusation would not be admissible if he had previously determined to make no reply.

There was no error in the disclosure to the jury that the judge had ruled that the defendant was not under arrest when the conversation discussed in the preceding paragraph took place, the question being left to the jury for their final decision. Neither was there error when the judge said in his charge that the ruling that the defendant was not under arrest at the time of that conversation "stands." In *Commonwealth* v. *Lee,* 324 Mass. 714, 721, this court held that a judge may inform the jury "during the trial or in the charge" of his finding on a question of fact preliminary to a ruling upon the admissibility of evidence. The judge's statement in the charge added nothing to his earlier ruling.

. The defendant assigns as error the admission of the testimony of a police officer that he was on Gardner Road to watch the defendant. This was competent as furnishing a reason for following the defendant to Mountfort Street. And the same fact had already appeared from the testimony of another police officer.

The defendant assigns error in the admission of the testimony of Pitts that before she went to the defendant's house she telephoned him to ask whether she could have an abortion, and he told her to come to his house on Gardner Road. When she got there he told her to go to 103 Mountfort Street. The point made is that the defendant's voice was not identified. It could be found that the defendant was the one who talked over the telephone from the fact that as a result they met at Gardner Road and later at Mountfort Street. The same facts were testified to by Pitts on cross-examination. The defendant also testified that Pitts called him on the telephone. This assignment of error cannot be sustained.

The defendant assigns error in a question to Pitts, "Did you feel a scraping sensation?" The objection is that the question was leading. There was evidence that Pitts was under emotional stress. There was no error in permitting a leading question to her. *Green* v. *Gould,* 3 Allen, 465, 466. *Guiffre* v. *Carapezza,* 298 Mass. 458, 460. The same considerations apply to a question to Pitts, "You called up Dr. Aronson and told him you wanted an abortion, is that right?" She had already testified that she did.

. The defendant assigns as error the admission of that part of the hospital record of Pitts on May 23, 1950, after the occurrence at 103 Mountfort Street, which stated that an abortion had been attempted. As to this it is enough to say that in his charge the judge instructed the jury to disregard that part of the hospital record relating to history, and the jury must be assumed to have obeyed the instruction. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 452. *Commonwealth* v. *O'Toole,* 326 Mass. 35, 39.

There was no error in admitting the opinion of an expert

Lembo *v.* Framingham.

physician that the instruments found were capable of causing an abortion. *Commonwealth* v. *Dawn*, 302 Mass. 255, 259. A physician called by the defendant testified to the same effect, as did the defendant himself. Permitting the prosecutor to use the words "abortion kit" with reference to those instruments did no harm, and was not reversible error.

The defendant assigns as error the exclusion of various questions asked by him, with no offer by him to prove the expected answer. Without an offer of proof we cannot say that he was harmed.

Some of the assignments of error do not require a specific answer. Many are covered by what has been said with reference to other related points. All have been carefully considered. As to the instructions requested by the defendant, it does not appear that they were presented prior to the arguments, as required by Rule 71 of the Superior Court (1932). They are not included in the transcript of evidence. We find no reversible error in the entire case.

*Judgment affirmed.*